UNITED STATES of America,
Appellee,

v.

Leyton WINT, aka Choc, Defendant–
Appellant.

No. 03–1685.

United States Court of Appeals,
Second Circuit.

May 12, 2004.

Richard D. Willstatter, Green & Willstatter, White Plains, NY, for Appellant.

Justin S. Weddle, Assistant United States Attorney, New York, N.Y. (David N. Kelley, United States Attorney, and Gary Stein, Assistant United States Attorney), for Appellee, of counsel.

Present: JACOBS, STRAUB, and WESLEY, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant Leyton Wint appeals from a judgment convicting him of conspiracy to violate firearms laws and related substantive offenses, which was entered in the Southern District of New York (McMahon, J.) following his guilty plea. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

■ 1. This Court reviews *de novo* the district court's conclusion that Wint deserved a role enhancement under USSG § 3B1.1(b) and for clear error the factual findings underlying this determination. *E.g., United States v. Paccione*, 202 F.3d 622, 624 (2d Cir.2000). In light of the district court's findings regarding Wint's role in the conspiracy, which were not clearly erroneous, it properly determined that Wint "exercise[d] some degree of control over others involved in the commission of the offense ... or play[ed] a significant role in the decision to recruit or to supervise lower-level participants." *United States v. Burgos*, 324 F.3d 88, 92 (2d Cir. 2003) (internal quotations and citation omitted) (alterations in original). Accordingly, the district court appropriately applied a three-level role enhancement.

2. When relevant conduct hinges on what is "reasonably foreseeable," that determination is a factual finding subject to review for clear error. *E.g., United States v. Molina*, 106 F.3d 1118, 1121 (2d Cir. 1997); *United States v. Ekwunoh*, 12 F.3d 368, 370 (2d Cir.1993). The district court found that the conspiracy involved more than twenty-five firearms and that this was "reasonably foreseeable" to Wint and "in furtherance of [his] jointly undertaken criminal activity." USSG § 1B1.3(a)(1)(B). The court's finding was not clearly erroneous and was properly relied on to increase Wint's offense level. *See id.* § 2K2.1(b)(1)(C).

■ 3. A district court's decision regarding whether to sentence consecutively or concurrently under USSG § 5G1.3(c) is reviewed for abuse of discretion. *United States v. Livorsi*, 180 F.3d 76, 82 (2d Cir. 1999). "Nothing in the language of the guideline or its Commentary requires district courts to make specific findings with respect to any or all of the factors listed in the Commentary or § 3553(a)." *United*

*States v. Velasquez*, 136 F.3d 921, 924 (2d Cir.1998). "We have never required judges to state on the record that they considered the mandatory factors affecting sentences of imprisonment, probation, or fine." *United States v. Walker*, 353 F.3d 130, 134 (2d Cir.2003). Accordingly, the district court's decision to sentence Wint consecutively to his undischarged sentence was not an abuse of discretion.

■ 4. In reviewing whether the district court properly concluded that Wint was subject to a use/possession enhancement under USSG § 2K2.1(b)(5), "we uphold the sentencing court's factual findings unless they are clearly erroneous, and review its legal determinations *de novo*, while giving due deference to its application of the Sentencing Guidelines to the facts." *United States v. Berg*, 250 F.3d 139, 142 (2d Cir.2001). "Whether, when it comes to 'use' of a firearm, we should distinguish the receipt of guns for drugs (this case) from the receipt of drugs for guns, ... either situation involves the 'possession' of a firearm (if not its 'use') in connection with the offense." *United States v. Smythe*, 363 F.3d 127, 129 n. 1 (2d Cir.2004) (internal citation omitted) (upholding an enhancement under USSG § 2D1.1(b)(1)). Based on the district court's finding that the instant conspiracy included "the quid pro quo exchange of drugs for firearms," *id.* at 129, a finding that was not clearly erroneous, the court properly enhanced Wint's offense level under USSG § 2K2.1(b)(5).

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**