UNITED STATES of America, Appellee,

v.

Leyton WINT, John Fuller, also known as King John, Defendant–Appellants.

Nos. 05–6087–cr, 06–2416–cr.

United States Court of Appeals, Second Circuit.

Jan. 29, 2008.

Justin S. Weddle, Assistant United States Attorney (Daniel A. Braun, Assistant United States Attorney, on the brief) for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Georgia J. Hinde, New York, NY, for Leyton Wint.

Colleen P. Cassidy, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY, for John Fuller.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL, Hon. JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

John Fuller ("Fuller") appeals from a judgment of conviction entered by the United States District Court for the Southern District of New York (McMahon, *J.*) on May 22, 2006. Leyton Wint ("Wint") appeals from a final order of the district court entered on October 28, 2005. We assume the parties' familiarity with the underlying facts, the long procedural history, and the issues on appeal.

In the main, Fuller argues that his sentence is procedurally unreasonable because the sentencing court gave insufficient consideration to the jury's failure to convict him of conduct relevant to his sentence, while giving undue weight to the court's negative view of Fuller's character. Fuller's argument is without merit. "If the ultimate sentence is reasonable and the sentencing judge did not commit procedural error in imposing that sentence, we will not second guess the weight (or lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor." *United States v. Fernandez*, 443 F.3d 19, 34 (2d Cir.2006).

Fuller also argues that the sentencing court erred by considering conduct embodied in counts on which the jury hung. But "district courts may find facts relevant to sentencing by a preponderance of the evidence, even where the jury acquitted the defendant of that conduct." *United States v. Vaughn*, 430 F.3d 518, 527 (2d Cir.2005).

Wint challenges his sentence as procedurally unreasonable. A district court must engage in a two-step sentencing procedure: (1) determine the Sentencing Guidelines range, then (2) consider the Guidelines range, along with the other factors listed in 18 U.S.C. § 3553(a). *See Gall v. United States*, 552 U.S. ——, 128 S.Ct. 586, 596–97, 169 L.Ed.2d 445 (2007). Our review of the record assures us that

Judge McMahon followed this procedure in declining to resentence Wint.

Wint also contends that his 41–month sentence—at the bottom of the Guidelines range—is substantively unreasonable in light of the circumstances. "Reasonableness review does not entail the substitution of our judgment for that of the sentencing judge. Rather, the standard is akin to abuse of discretion." *Fernandez,* 443 F.3d at 27. Although we do not presume that a Guidelines sentence is reasonable, we have recognized that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *Id.; cf. Rita v. United States,* — U.S. —, 127 S.Ct. 2456, 2464–65, 168 L.Ed.2d 203 (2007). We cannot conclude that Wint's sentence falls outside the overwhelming majority, nor that good behavior while incarcerated indicates that a previously-imposed sentence is overlong.

Defendants argue that the district court's four-level increase based on their bartering drugs for guns was improper in view of the Supreme Court's recent decision in *Watson v. United States,* — U.S. —, 128 S.Ct. 579, 169 L.Ed.2d 472 (2007). We disagree. In *Watson,* the Supreme Court held that a person does not "use" a firearm with the meaning of 18 U.S.C. § 924(c)(1)(A) when he receives it in trade for drugs. *Id.* at 586. The district court, however, increased the Guidelines level under United States Sentencing Guidelines section 2K2.1(b)(5) (2000), which provided for a four-level increase "[i]f the defendant used or *possessed* any firearm or ammunition in connection with another felony offense" (emphasis added). As we previously decided in Wint's case, the district court properly increased the offense level because the bartering of drugs for guns involved the "possession" of a firearm within section 2K2.1(b)(5). *See United States v. Wint,* 97 Fed.Appx. 352 (2d Cir.2004), *vacated,* 543 U.S. 1098, 125 S.Ct. 1055, 160 L.Ed.2d 999 (2005) (on *Booker* grounds); *see also United States v. Smythe,* 363 F.3d 127, 129 n. 1 (2d Cir. 2004) (noting that regardless of the definition of "use," bartering drugs for guns involves possession of a firearm).

We have considered the appellants' remaining arguments and find them to be without merit. For the foregoing reasons, the judgments of the district court are **AFFIRMED.**