UNITED STATES of America,
Plaintiff—Appellee,

v.

Roland N. WINFREY, Defendant—
Appellant.

No. 07–30154.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 2008.

Filed Feb. 13, 2008.

Russell E. Smoot, Esq., Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Kathleen E. Moran, Esq., Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant.

Before: FISHER, GOULD, and IKUTA, Circuit Judges.

## MEMORANDUM *

Roland N. Winfrey challenges his conviction under 18 U.S.C. § 922(g)(1) and his sentence, imposed under 18 U.S.C. § 924(a)(2). We affirm Winfrey's conviction but remand for resentencing in light of *Watson v. United States,* — U.S. —, 128 S.Ct. 579, 169 L.Ed.2d 472 (2007).

■ The Washington judge's determination that probable cause supported a warrant to search Winfrey's residence was not clearly erroneous. *See United States v. Hill,* 459 F.3d 966, 970 (9th Cir.2006), *cert. denied,* — U.S. —, 127 S.Ct. 1863, 167 L.Ed.2d 353 (2007); *United States v. Hay,* 231 F.3d 630, 634 n. 4 (9th Cir.2000). The supporting affidavit filed by Spokane, Washington police officers cited specific information provided by a confidential informant that was corroborated by the independent investigative efforts of the investigating officers, thereby providing ample basis for a judge to conclude that there was probable cause that evidence of drug distribution and illegal firearm possession would be recovered from the residence to be searched. *See Illinois v. Gates,* 462 U.S. 213, 230–31, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

■ The district court properly admitted testimonial evidence regarding Winfrey's role in two sales of crack cocaine on the day he acquired the firearm. *See United States v. DeGeorge,* 380 F.3d 1203, 1220 (9th Cir.2004). Evidence of the first sale was appropriate to "permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." ˙ *United States v. Vizcarra–Martinez,* 66 F.3d 1006, 1012–13 (9th Cir.1995). Evidence of the second sale was admissible because it was the "basis for the criminal charge" in this case. *Id.* at 1012.

■ The district court properly rejected Winfrey's motion for acquittal under Rule 29(a) of the Federal Rules of Criminal Procedure. Viewing the evidence in the light most favorable to the government, a reasonable juror could have found beyond a reasonable doubt that Winfrey knowingly possessed the firearm recovered in his place of residence. *See, e.g., United States v. Delgado,* 357 F.3d 1061, 1068–70 (9th Cir.2004). To the extent Winfrey claims the government's witnesses lacked credibility, "the credibility of witnesses is a question for the jury, unreviewable on appeal." *Id.* at 1068.

■ The district court's holding that Winfrey "used" a firearm for purposes of applying the four-point enhancement of U.S.S.G. § 2K2.1(b)(6) was erroneous in light of a subsequent clarification of law by the Supreme Court. In interpreting § 2K2.1, we are guided by the Supreme Court's interpretation of "used" in 18 U.S.C. § 924(c). *See United States v. Polanco,* 93 F.3d 555, 565 (9th Cir.1996). After the sentencing proceeding in this case, *Watson v. United States* held that a person who receives a firearm as consideration for drugs does not "use" a firearm for purposes of § 924(c). 128 S.Ct. at 582–83. Because Winfrey traded drugs for a firearm, rather than trading a firearm for drugs, his receipt of a firearm does not constitute "use" for purposes of § 2K2.1(b)(6). *See id.* at 583, 585–86; *Po-*

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*lanco,* 93 F.3d at 565. In relying upon the "use[ ]" prong of U.S.S.G. § 2K2.1(b)(6), the district court did not address whether Winfrey "possessed" a firearm for purposes of the enhancement. *Id.; see also Watson,* 128 S.Ct. at 585–86. Because the district court added a four-level enhancement to Winfrey's total offense level due to the court's mistaken belief that Winfrey had "used" a gun for purposes of § 2K2.1(b)(6), the district court did not resolve one of Winfrey's objections to the calculation of his criminal history points. On this record, we cannot determine whether such an error is harmless. Accordingly, we vacate Winfrey's sentence and remand to the district court for further sentencing proceedings in light of *Watson.* **Conviction AFFIRMED. Sentence VACATED and REMANDED.**