# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2139

_____

| | | |
|---|---|---|
| United States, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Arkansas. |
| | * | |
| Jonathan Washington, | * | [PUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 26, 2008
Filed: June 12, 2008

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jonathan Washington pleaded guilty to possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Reasoning that Washington possessed the firearm in connection with another felony offense, the district court[1] applied a 4-level increase under the advisory Guidelines, *see* U.S.S.G. § 2K2.1(b)(6). On appeal, Washington challenges this increase and the reasonableness of his sentence.

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

The district court did not err in applying the 4-level increase because Washington possessed the firearm in connection with another felony offense. *See United States v. Ingram*, 501 F.3d 963, 968 (8th Cir. 2007) (standard of review); *United States v. Johnson*, 474 F.3d 1044, 1048 (8th Cir. 2007) (conviction for being felon in possession of firearm requires government to prove, inter alia, that defendant knowingly possessed firearm); *United States v. Regans*, 125 F.3d 685, 686 n.2 (8th Cir. 1997) (former U.S.S.G. § 2K2.1(b)(5) applied when weapon was possessed with requisite connection to another offense); *Mack v. United States*, 853 F.2d 585, 586 (8th Cir. 1988) (per curiam) (guilty plea admits all elements of criminal charge).

While this case was on appeal, the United States Supreme Court decided *Watson v. United States*, 128 S. Ct. 579, 586 (2007), which held that one does not "use" a firearm under 18 U.S.C. § 924(c)(1)(A) by receiving it in trade for drugs. Washington argues that *Watson* controls his case. *Watson* is inapposite because it addresses "use" of a firearm, not possession. *See United States v. Wint*, 261 Fed. Appx. 340, 342 (2d Cir. 2008) (applying 4-level enhancement for possession of firearm, distinguishing *Watson*); *United States v. Winfrey*, 2008 WL 399325, at *1 (9th Cir. Feb 13, 2008) (remanding for determination of possession, after considering *Watson*).

Washington contends that he never "possessed" the firearm because, after he selected it and offered the drugs, he was arrested before he could touch the gun. The district court's finding of possession is not clearly erroneous, as Washington constructively possessed the firearm by knowing of it and having the intent and ability to exercise control over it. *See United States v. Robertson*, 519 F. 3d 452, 455 (8th Cir. 2008).

Washington objects that any possession of the firearm was not "in connection with" another felony offense because he may have used it for self-defense. Again, the district court's finding is not clearly erroneous, because the firearm need only have

"the potential of facilitating" the drug trade (a real potential in light of the various other drugs Washington brought to the scene). *See United States v. Moore*, 212 F.3d 441, 447 (8th Cir. 2000); *United States v. Harper*, 466 F.3d 634, 650 (8th Cir. 2006) ("[i]n connection with" in former U.S.S.G. § 2K2.1(b)(5) meant that firearm had "purpose or effect with respect to" other felony offense because its presence facilitated or had potential to facilitate offense, as opposed to being result of mere accident or coincidence) (citations omitted), *cert. denied*, 127 S. Ct. 1504 (2007).

We also conclude that Washington's 57-month prison sentence – the bottom of the advisory Guideline range – is not unreasonable. *See Rita v. United States*, 127 S. Ct. 2456, 2462 (2007) (approving appellate presumption of reasonableness for sentences within applicable Guidelines range); *United States v. Harris*, 493 F.3d 928, 932 (8th Cir. 2007) (applying presumption of reasonableness); *United States v. Long Soldier*, 431 F.3d 1120, 1123 (8th Cir. 2005) (reasonableness of sentence is reviewed for abuse of discretion, which occurs if court fails to consider relevant factor that should have received significant weight, gives significant weight to improper or irrelevant factor, or considers only appropriate factors but commits clear error of judgment in weighing factors).

Accordingly, the judgment is affirmed.

_____