# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2303

_____

United States of America,       *

                     *

        Appellee,      *

                     *   Appeal from the United States

     v.               *   District Court for the Eastern

                     *   District of Missouri.

Gustavus Jackson,      *

                     *     [PUBLISHED]

        Appellant.     *

_____

Submitted: December 8, 2008
Filed: January 28, 2009

_____

Before LOKEN, Chief Judge, BEAM, and ARNOLD, Circuit Judges.

_____

PER CURIAM.

Gustavus Jackson appeals his sentence after pleading guilty to possession with intent to distribute one hundred or more grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). The presentence investigation report calculated Jackson's offense level at 29, after applying a two-level enhancement under United States Sentencing Guidelines (U.S.S.G.) § 2D1.1(b)(1) and a three-level adjustment under U.S.S.G. § 3E1.1(a) and (b). At sentencing, the district court[1] denied Jackson's motion for safety valve relief under U.S.S.G. § 5C1.2(a)(2) and sentenced Jackson to 120 months'

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

imprisonment, the statutory minimum. On appeal, Jackson claims the district court erred in concluding that constructive possession of a weapon precluded safety valve relief under § 5C1.2.

## I.  BACKGROUND

Jackson was arrested at his mother's home. While staying in a spare bedroom, Jackson discovered crack and a firearm hidden in the room. The weapon and drugs were purportedly owned by Jackson's nephew, Jason, who had access to the home and who was later convicted on drug charges as well. In an alleged effort to raise funds to pay bills and buy a car to move out of his mother's home, Jackson stole and sold some of his nephew's crack. Jackson claims he never touched the weapon after its discovery. The purchaser of the crack, however, was an undercover police officer. After making two controlled drug buys for five and six grams of crack from Jackson, officers obtained a search warrant for the home and arrested Jackson on the third buy. Jackson had four grams of crack on his person when he was arrested, and a subsequent search uncovered one hundred twenty-two grams in his bedroom, as well as the firearm, which was five feet from the narcotics.

At sentencing, Jackson sought safety valve relief, arguing he satisfied § 5C1.2(a)(2) by not "possess[ing] a firearm [] in connection with the offense." Jackson argued the application of § 2D1.1 for possessing a firearm did not preclude application of the safety valve provision because the burden of proof required for each was different. Further, Jackson alleged he did not possess the gun for purposes of § 5C1.2(a)(2) because he neither physically took control of the gun nor intended to ever possess the gun in connection with the sale of drugs. The district court disagreed and found Jackson constructively possessed the weapon in connection with the sale of crack. On appeal, Jackson alleges the district court erred in ruling constructive possession was enough to preclude application of § 5C1.2.

## II.   DISCUSSION

Section 5C1.2 allows a district court to sentence a defendant to a term less than the statutory minimum when, among other requirements, "the defendant did not . . . possess a firearm . . . in connection with the offense." U.S.S.G. § 5C1.2(a)(2). The defendant bears the burden of proving by a preponderance of the evidence the requirements for safety valve relief. United States v. Razo-Guerra, 534 F.3d 970, 974 (8th Cir. 2008). In this case, the only question on appeal is whether constructive possession of a firearm sufficiently precludes application of § 5C1.2. We review the district court's application of § 5C1.2 de novo and its factual findings for clear error. United States v. Rodriguez, 484 F.3d 1006, 1014 (8th Cir.), cert. denied, 128 S. Ct. 316 (2007).

The First, Second, Fifth, Sixth, and D.C. Circuits have all held that constructive possession is sufficient to preclude application of safety valve relief. United States v. Matias, 465 F.3d 169, 173-74 (5th Cir. 2006); United States v. Herrera, 446 F.3d 283, 287 (2d Cir. 2006); United States v. McLean, 409 F.3d 492, 501 (1st Cir. 2005); United States v. Gomez, 431 F.3d 818, 820-22 (D.C. Cir. 2005); United States v. Stewart, 306 F.3d 295, 327 n.19 (6th Cir. 2002). Only the Tenth Circuit has held otherwise. United States v. Zavalza-Rodriguez, 379 F.3d 1182, 1186-87 (10th Cir. 2004).[2] Jackson urges this court to adopt the view of the Tenth Circuit. We decline to do so.

As noted by the majority of circuits, Congress enacted the safety valve provision to prevent the least culpable offenders from receiving the same sentence as more culpable offenders. Matias, 465 F.3d at 174. A defendant who possesses a

---

[2]The holding in Zavalza, however, is not as clear as Jackson claims. It does not appear that the Tenth Circuit established as a per se rule that constructive possession is insufficient to satisfy § 5C1.2. Matias, 465 F.3d at 174 n.14; Herrera, 446 F.3d at 288 n.5.

weapon on his person and one who has a weapon within his dominion and control have the same culpability.  Id.  Thus, there is no reason to distinguish between actual, physical possession and constructive possession when defining what constitutes "possession" for purposes of § 5C1.2.  Accordingly, we hold that constructive possession is sufficient to preclude a defendant from receiving safety valve relief under § 5C1.2.[3]

Jackson cites United States v. Delgado-Paz, 506 F.3d 652 (8th Cir. 2007), to support a conclusion that constructive possession is insufficient for purposes of § 5C1.2. This, however, misconstrues the holding in Delgado.  We held in Delgado that the district court failed to make sufficient findings as to whether a defendant knowingly possessed a firearm for purposes of § 2D1.1.  Id. at 655.  We reversed with regard to § 5C1.2(a)(2) merely "[b]ecause we remand[ed] for further findings with respect to § 2D1.1(b)(1)."  Id.  We went on to say that "the defendant's accountability for possession of a firearm is limited to his own conduct and conduct that he aided or abetted, counseled, commanded, induced, procured, or willfully caused."  Id. at 656. Jackson argues this language demonstrates support for a rule that constructive possession is insufficient for purposes of § 5C1.2.  This, however, takes the cited language too far.  Delgado addressed only whether § 5C1.2 is precluded "based on a co-conspirator's reasonably foreseeable possession of a firearm in furtherance of jointly undertaken criminal activity."  Id. at 655.  This holding has no application whatsoever in answering the question of whether a defendant's constructive possession of a firearm precludes application of § 5C1.2.  See also Matias, 465 F.3d at 173

_____

[3]Our holding is consistent with a substantially similar line of cases holding that the active phrase "possess a firearm" includes constructive possession. United States v. Saddler, 538 F.3d 879, 888 (8th Cir. 2008) (18 U.S.C. § 924(c)(1)(A)), cert. denied, No. 07-2631, 2008 WL 4904881 (Dec. 15, 2008); United States v. Abumayyaleh, 530 F.3d 641, 647 (8th Cir. 2008) (18 U.S.C. § 922(g)(1));  United States v. Lewis, 236 F.3d 948, 950 (8th Cir. 2001) (U.S.S.G. § 2K2.1(b)(1)(B)).

(concluding similarly that a co-conspirator conduct analysis is inapposite in a § 5C1.2 analysis)

Jackson also erroneously argues that the district court failed to make a "factual finding that [he] intended or specifically undertook to possess the weapon in question." Again, the defendant bears the burden of proof to show safety valve eligibility. Razo-Guerra, 534 F.3d at 974. And defendants "possess[] a firearm in connection with an offense if the evidence shows that the weapon . . . had the potential to facilitate the drug offense. The presence of a firearm in a location where it could be used to protect drugs can be sufficient evidence to prove the requisite connection." United States v. Warford, 439 F.3d 836, 844 (8th Cir. 2006) (internal citations omitted). The district court specifically ruled on this issue stating Jackson knew the gun was in the room and connected with the drugs, and, "[w]hether he induced another or permitted another to do so or personally possessed it, he hasn't borne his burden of proof to establish that he didn't do that." Thus, the district court did not err.

## III.  CONCLUSION

Having concluded that constructive possession may preclude application of U.S.S.G. § 5C1.2, and that the district court properly ruled on this issue, we affirm.

_____