# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2267

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Alix Denis, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: January 14, 2009
Filed: March 27, 2009

_____

Before LOKEN, Chief Judge, WOLLMAN and SHEPHERD, Circuit Judges.

_____

LOKEN, Chief Judge.

Alix Denis pleaded guilty to conspiracy to distribute and possession with intent to distribute in excess of fifty grams of cocaine base. The district court[1] imposed the minimum ten-year prison sentence mandated by 21 U.S.C. § 841(b)(1)(A)(iii). Denis appeals, arguing the court erred in finding him ineligible for safety valve relief under 18 U.S.C. § 3553(f)(2) and U.S.S.G. § 5C1.2(a)(2) because he induced another participant to possess a firearm in connection with the offense. We affirm.

_____

[1]The HONORABLE RODNEY W. SIPPEL, United States District Judge for the Eastern District of Missouri.

In March 2007, while selling marijuana to undercover officers, Denis expressed interest in trading drugs for firearms. Agents of the federal Bureau of Alcohol, Tobacco and Firearms contacted Denis and arranged to exchange a machine gun for three ounces of crack cocaine on May 3 and additional firearms for four ounces of crack cocaine on May 4. Denis sent his brother Jean and Gerald Alfred to complete the May 3 exchange. Alfred entered the agents' hotel room. An agent handed Alfred an unloaded machine gun. Alfred handed the agent two ounces of crack. After the agent explained the weapon's features, Alfred wrapped the machine gun in a towel and placed it in his backpack. Additional agents entered the room, confiscated the weapon, and arrested Alfred and Jean Denis, who was waiting for Alfred in a car. Denis was stopped in Tennessee on May 4, returning to Missouri. He was arrested when officers found one kilogram of cocaine in the trunk of his car.

Denis initially pleaded guilty to the drug charge and to a second charge -- knowing use of a firearm "during and in relation to any . . . drug trafficking crime." This charge was dismissed before sentencing after the Supreme Court held that exchanging drugs for a firearm is not "use" of a firearm within the meaning of 18 U.S.C. § 924(c)(1)(A). Watson v. United States, 128 S. Ct. 579 (2007). Denis then pleaded guilty to the drug charge at issue. At sentencing, he argued, as he does on appeal, that he is eligible for safety valve relief because Alfred "never had actual or constructive possession of the firearm during the pretended trade." The district court found that Denis "was in possession of that weapon because his agent [Alfred] took possession of that weapon, actually or constructively, whether or not the agents ever intended to let him get away with it."

The safety valve statute and guideline allow a sentence less than the statutory mandatory minimum prison sentence if the defendant proves, among other requirements, that he "did not . . . possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense." 18 U.S.C. § 3553(f)(2); U.S.S.G. § 5C1.2(a)(2). This provision "limits the accountability of the

defendant to his own conduct and conduct that he aided or abetted, counseled, commanded, induced, procured, or willfully caused." § 5C1.2, comment. (n.4); see United States v. Delgado-Paz, 506 F.3d 652, 655-56 (8th Cir. 2007) ("possession of a weapon by a defendant's co-conspirator does not render the defendant ineligible for safety-valve relief unless . . . the defendant induced the co-conspirator's possession").

In this case, Denis concedes that he "induced" Alfred to handle a firearm in the hotel room "in connection with the offense" of distributing crack cocaine. But he argues that Alfred's momentary handling did not constitute actual or constructive possession because the officers rented the hotel room and demonstrated their continuing ownership and control of the machine gun when they seized the weapon and arrested Alfred immediately after he put it in his backpack. Because the officers only pretended to trade a firearm for drugs, Denis argues, he should not be sentenced more harshly than a defendant who distributes drugs without possessing firearms. Denis argues we should review the district court's construction of the word "possess" *de novo*. However, actual or constructive possession is a finding of fact we review for clear error. United States v. Washington, 528 F.3d 573, 574 (8th Cir.), cert. denied, 129 S. Ct. 589 (2008); United States v. Regans, 125 F.3d 685, 686 (8th Cir. 1997), cert. denied, 523 U.S. 1065 (1998).

In Washington, we upheld a sentence enhancement for possession of a firearm in connection with a felony offense when the defendant offered to exchange drugs for the firearm and was arrested before he touched it:

> The district court's finding of possession is not clearly erroneous, as Washington constructively possessed the firearm by knowing of it and having the intent and ability to exercise control over it. 528 F.3d at 574.

After submission of this case, we joined other circuits in holding that "constructive possession [of a firearm] is sufficient to preclude a defendant from receiving safety

valve relief under § 5C1.2." United States v. Jackson, 552 F.3d 908, 910 (8th Cir. 2009); accord United States v. Matias, 465 F.3d 169, 173-74 (5th Cir. 2006), and cases cited. Here, Washington confirms that Alfred was in constructive possession of the machine gun in the hotel room. Indeed, he was in actual possession when agents handed him the machine gun in exchange for crack cocaine and Alfred put it in his backpack. It is irrelevant that the agents did not allow Alfred to leave with the weapon so long as he had "direct physical control" over it for even a brief period of time. United States v. Cantrell, 530 F.3d 684, 693 (8th Cir. 2008). Thus, the district court did not clearly err in finding that Denis had constructive possession, and arguably joint actual possession, when he induced Alfred to possess a firearm in connection with Denis's drug offense. Safety valve relief was properly denied.

The judgment of the district court is affirmed.

_____