**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4409**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

      v.

NATHAN SOLOMON, a/k/a Bradley Allen Van Petten,

                Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:03-cr-00602-TLW-1)

Submitted:  May 28, 2009           Decided:  July 20, 2009

Before TRAXLER, Chief Judge, and NIEMEYER and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kathy Price Elmore, ORR, ELMORE & ERVIN, LLC, Florence, South Carolina, for Appellant.  W. Walter Wilkins, United States Attorney, Rose Mary Parham, Carrie A. Fisher, Assistant United States Attorneys, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nathan Solomon pled guilty to conspiracy to file a false claim in connection with a firearms purchase, in violation of 18 U.S.C. §§ 371 & 922(a)(6) (2006), and filing a false claim on a firearms purchase application, in violation of 18 U.S.C. § 922(a)(6). The district court sentenced Solomon to 120 months' imprisonment on the conspiracy count and twenty months' imprisonment on the false claim count, to be served consecutively. Solomon noted his appeal in conformity with the district court's order permitting a belated appeal.

Solomon first alleges that the district court erred in enhancing his base offense level four levels pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(b)(5) (2002). Because Solomon's claim is raised for the first time on appeal, it is subject to plain error review. Plain error requires Solomon to establish that: (1) there was error; (2) the error was "plain;" and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). Even if he makes this showing, "Rule 52(b) leaves the decision to correct the forfeited error within the sound discretion of the court of appeals, and the court should not exercise that discretion unless the error 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" Id. (quoting

*United States v. Young*, 470 U.S. 1, 15 (1985)).  Solomon fails to establish plain error.

In the 2002 version of the U.S. Sentencing Guidelines, section 2K2.1(b)(5) provided for a four-level enhancement to a defendant's base offense level "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense."  USSG § 2K2.1(b)(5) (2002).  Solomon admitted paying a co-defendant with cocaine in exchange for purchasing firearms.  Thus, Solomon fails to establish plain error by the district court in imposing the four-level enhancement.  See *United States v. Washington*, 528 F.3d 573, 574 (8th Cir. 2008).

Solomon next argues that the district court committed plain error in sentencing him under the then-mandatory sentencing guidelines.  This claim, also raised for the first time on appeal, is likewise reviewed for plain error.  When, as here, sentencing preceded *United States v. Booker*, 543 U.S. 220 (2005), a defendant can show that the district court's erroneous application of the guidelines as mandatory affected his substantial rights only if the record reveals a "nonspeculative basis for concluding that the treatment of the guidelines as mandatory 'affect[ed] the district court's selection of the sentence imposed.'"  *United States v. White*, 405 F.3d 208, 223 (4th Cir. 2005) (quoting *Williams v. United States*, 503 U.S. 193, 203 (1992)).  We have reviewed the record

and conclude that there are no non-speculative grounds on which to conclude that the district court would have imposed a different sentence under a discretionary guidelines system. Therefore, Solomon fails to establish that the error by the district court affected his substantial rights.[*] Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] We note that the district court's error of treating the guidelines as mandatory does not reflect adversely on the court, as it followed established pre-Booker authority and practice.