[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12464
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20452-KMM-9


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID SILVA,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 15, 2014)

Before CARNES, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

David Silva appeals his 120-month sentence for conspiring to possess with intent to distribute marijuana, contending for the first time on appeal that the district court:  (1) improperly deferred to the government's assertions about his truthfulness and candor when denying him safety-valve relief; and (2) violated Alleyne v. United States, 133 S.Ct. 2151 (2013), by making findings reserved for a jury.

I.

Silva was indicted on one count of conspiring to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846.  He pleaded guilty under a written plea agreement, in which he acknowledged his role in a drug trafficking ring and stipulated that the conspiracy involved 1,000 or more marijuana plants. Silva's plea agreement noted that he was subject to a statutory minimum of ten years imprisonment.

Silva's presentence investigation report (PSR) calculated a base offense level of 26 under U.S.S.G. § 2D1.1(a)(5) and (c)(7), with a 2-level increase under § 2D1.1(b)(12) for maintaining a premises for the purpose of manufacturing or distributing a controlled substance.  After a 3-level reduction under § 3E1.1 for acceptance of responsibility, the PSR assigned Silva a total offense level of 25. Together with his criminal history category of I, that gave him an initial guidelines range of 57 to 71 months imprisonment.  But because Silva was subject to a

mandatory minimum sentence of 10 years under 21 U.S.C. § 841(b)(1)(A)(vii), the PSR set his final guidelines range at 120 months, in accordance with U.S.S.G. § 5G1.1.

Silva objected to the PSR on the ground that it failed to grant him safety-valve relief under § 5C1.2(a), which would have made the 120-month minimum sentence no longer mandatory and would have reduced his total offense level to 23.[1] See U.S.S.G. § 5C1.2(a).  The government filed a response asserting that Silva was not eligible for safety-valve relief because he had not given a safety-valve debriefing.  It indicated that he could still give a debriefing but warned that he would be expected to talk about a corrupt police officer who had aided the drug conspiracy, an officer the government believed that Silva had introduced to his co-conspirators.  Though the government did not give the officer's name in its filed response, the record reveals that it was referring to Silva's brother, Roderick Silva, who worked for the Miami-Dade Police Department at the time.  Silva requested that he be given the opportunity for a safety-valve debriefing, and the parties met for that purpose shortly before the sentence hearing.

At that hearing a few days later, Silva renewed his request for safety-valve relief, noting that he had finally spoken with the government.  The government

---

[1] Silva made other objections to the PSR, which are not at issue in this appeal.  With a total offense level of 23 and criminal history category of I, Silva's guidelines range would have been 46 to 57 months.

3

again objected, stating that when the parties met Silva had not been candid and truthful, which is required for safety-valve relief. The government noted that Silva talked only grudgingly during his debriefing. And to the extent he did talk, it was to assert that he knew nothing about his brother Roderick's involvement in the conspiracy, despite evidence from multiple sources, including Roderick himself, showing that the officer had taken bribes from and had given help to Silva's co-conspirators. Knowing that Silva was a full-fledged partner in the drug trafficking network, the government argued that it was not believable that he had no idea his brother was involved.

At the conclusion of the sentence hearing, the district court determined that Silva did not qualify for safety-valve relief because he had been neither candid nor truthful when talking to the government. The court noted that Silva's position in the conspiracy and the independent evidence of his brother's involvement both suggested that Silva lied and withheld information about Roderick's role. The court indicated that circumstantial factors also cast doubt on Silva's candor and honesty, such as his delay in seeking a debriefing, his refusal to speak openly with the government when the debriefing finally took place, and his failure to present any evidence supporting the truth of his statements other than the unsubstantiated arguments of his attorney. The district court sentenced Silva to the mandatory minimum of 120-months imprisonment.

## II.

Silva first challenges the district court's factual finding that he did not satisfy the criteria for safety-valve relief under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2(a). A district court's assessment of the candor and completeness of a defendant's safety-valve disclosure is a factual determination normally reviewed for clear error. United States v. Johnson, 375 F.3d 1300, 1301 (11th Cir. 2004). Because Silva has raised this issue for the first time on appeal, however, we review it only for plain error.[2] United States v. De La Garza, 516 F.3d 1266, 1269 (11th Cir. 2008). As a result, Silva bears the burden of showing that there is "(1) an error, (2) that is plain, (3) that affects [his] substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

The "safety valve" at issue here is a statutory creature. See 18 U.S.C. § 3553(f). It allows defendants who meet certain requirements to avoid the statutory minimum sentences that would otherwise apply to their crimes. United States v. Brehm, 442 F.3d 1291, 1299 (11th Cir. 2006). Defendants seeking safety-valve relief must satisfy the five criteria found in U.S.S.G. § 5C1.2(a), only the fifth of which is at issue here:

---

[2] Silva did object to the denial of safety-valve relief at the time of his sentencing, but he did so on grounds different from those he now raises on appeal.

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

U.S.S.G. § 5C1.2(a)(5). This "tell all" provision requires defendants to truthfully tell everything they know about the crimes and conspiracies in which they were involved. United States v. Yate, 176 F.3d 1309, 1310 (11th Cir. 1999). As with all of the other safety-valve criteria, defendants bear the burden of proving that they have truthfully told all there is to tell. See United States v. Milkintas, 470 F.3d 1339, 1345 (11th Cir. 2006).

Silva asserts that the district court improperly deferred to the government's conclusion that he was lying, a proposition for which his sole support is our decision in United States v. Espinosa, 172 F.3d 795 (11th Cir. 1999). In Espinosa, we concluded that the district court erred by blindly accepting the government's assertion about the quantity of drugs involved in the crime without first assessing the credibility of the defendant's contrary position. See Espinosa, 172 F.3d at 797. Given what occurred in this case, however, Espinosa is far off point. The record here shows that the district court did not simply adopt the government's assessment of Silva's candor. Instead, the court fulfilled its duty as a factfinder, considered both parties' positions, and concluded based on the arguments and the

6

record before it that Silva had not been candid enough to earn safety-valve relief.

The district court did not improperly defer to the government's assessment of

Silva's honesty, and we conclude that it did not err, much less plainly err, in

finding that Silva was not eligible for safety-valve relief.[3]

### III.

Silva next challenges the denial of safety-valve relief on the ground that the

district court's factfindings violated his Sixth Amendment rights under Alleyne,

133 S.Ct. at 2151.  Because he raises this issue for the first time on appeal, we

review it only for plain error.  De La Garza, 516 F.3d at 1269.

Under Alleyne, facts that result in a higher mandatory minimum sentence

are treated as additional elements of an offense that must be submitted to a jury and

found beyond a reasonable doubt.  Alleyne, 133 S.Ct. at 2162–63.  Silva contends

that because the district court's factfindings about his truthfulness during his

safety-valve debriefing resulted in a guidelines range increase from 46-to-57

---

[3] Silva also argues that the district court violated his Sixth Amendment rights under Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354 (2004), by relying on testimony from codefendants whom he was not allowed to cross-examine.  The problem with this argument is that Crawford applies only to hearsay evidence presented during the trial of a case, not during non-capital sentencing.  See U.S. Const. amend. VI; Crawford, 541 U.S. at 42, 124 S.Ct. at 1359; United States v. Cantellano, 430 F.3d 1142, 1146 (11th Cir. 2005); cf. Proffitt v. Wainwright, 685 F.2d 1227, 1254–55 (11th Cir. 1982) (recognizing a defendant's right to cross-examine witnesses during capital sentencing).  And because Crawford does not apply to Silva's sentencing, the direct court did not err, much less plainly err, by relying on testimony from Silva's codefendants.  Silva makes additional arguments about the district court's safety-valve factfindings, but none of them merit discussion.

months to 120 months, those findings should have been made by a jury, not a judge.[4]

That argument is meritless. While Alleyne requires a jury to find facts that increase a defendant's mandatory minimum sentence, Silva's mandatory minimum sentence never increased here. See id. at 2163. Before the district court found that Silva was not truthful in his safety-valve debriefing, his mandatory minimum sentence was 120 months. After the district found that he was not truthful in his debriefing, his mandatory minimum sentence was 120 months. All that changed as a result of the court's finding was that Silva was not eligible for a sentence below that mandatory minimum. As a result, the district court's safety-valve findings did not increase his mandatory minimum sentence as prohibited by Alleyne.

The First Circuit has reached the same conclusion under similar circumstances. In United States v. Harakaly, a defendant argued that the district court erred in finding him ineligible for safety-valve relief on the ground that he occupied a managerial role in the conspiracy because, under Alleyne, such a finding was reserved for the jury. 734 F.3d 88, 97 (1st Cir. 2013). The Harakaly panel rejected that argument, reasoning that where a jury verdict or guilty plea results in a mandatory minimum sentence, "[j]udicial fact-finding that precludes

---

[4] As we have already mentioned, had the district court granted him safety-valve relief, Silva's total offense level would have been 23, which, together with his criminal history category of I, would have resulted in a guidelines range of 46 to 57 months. Because the district court found that Silva was not eligible for safety-valve relief, the court sentenced him to the statutory minimum of 120-months imprisonment.

8

safety-valve relief is permissible because it does not increase that baseline minimum sentence." Id. at 99.  To find otherwise, the panel noted, would "stretch[] Alleyne well beyond its actual holding." Id. at 98.  We find that reasoning persuasive.

Because the district court committed no error, much less plain error, in making the factual and legal determinations underlying its denial of Silva's request for safety-valve relief, we affirm the sentence in this case.

**AFFIRMED.**

9