# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2873

_____

United States of America

*Plaintiff - Appellee*

v.

Michael Kelley

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: March 5, 2015
Filed: March 18, 2015
[Unpublished]

_____

Before MURPHY, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Michael Kelley appeals his conviction and the sentences imposed by the district court[1] after he pleaded guilty to firearm and drug charges. His counsel has

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967). Kelley has filed a pro se supplemental brief. For the following reasons, we affirm.

Kelley's written plea agreement contained a waiver of his right to appeal his sentences, with certain exceptions. His pro se brief argues that the sentences imposed were unreasonable because they were above the advisory Guidelines range. This argument does not fall within any of the appeal-waiver exceptions. We conclude the waiver is enforceable, because the record shows that Kelley entered into both the waiver and the plea agreement knowingly and voluntarily, and we perceive no miscarriage of justice that would result from enforcing the waiver. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver); United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (where plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result, this court should enforce appeal waiver as to any issues falling within its scope). Accordingly, we will not consider this argument.

Counsel's Anders brief arguments, and Kelley's pro se challenge to the court's calculation of his criminal history, however, fall within the appeal waiver's exceptions. Nevertheless, we conclude each fails. First, the district court was correct to deny Kelley's pro se motion to dismiss the indictment based on the Speedy Trial Act because the number of countable days did not exceed that permitted under the Act. See 18 U.S.C. § 3161(b) (indictment charging individual with commission of offense shall be filed within 30 days from date of arrest), (c)(1) (in any case in which plea of not guilty is entered, trial of defendant charged in indictment with commission of offense shall commence within 70 days), (h) (enumerated periods excludable under § 3161 and § 3164); § 3164 (trial of detained person who is being held in detention solely because he is awaiting trial shall commence not later than 90 days following

beginning of continuous detention); <u>United States v. Yerkes</u>, 345 F.3d 558, 561 (8th Cir. 2003) (standard of review).

Second, the district court correctly determined that Kelley had three qualifying convictions to be classified as an Armed Career Criminal (ACC). <u>See</u> 18 U.S.C. § 924(e) (ACC status applies to person who violates 18 U.S.C. § 922(g) and has three previous convictions for violent felony or serious drug offense); <u>United States v. Urbina-Mejia</u>, 450 F.3d 838, 839 (8th Cir. 2006) (court reviews district court's factual findings for clear error; government must prove disputed facts by preponderance of evidence). Third, the court did not err in finding that Kelley "used or possessed" a firearm in connection with a controlled substance offense, based on the undisputed fact that he received the firearm in exchange for fentanyl. <u>See</u> <u>United States v. Washington</u>, 528 F.3d 573, 574 (8th Cir. 2008) (per curiam) (defendant who traded drugs for firearm possessed firearm "in connection with" the drug offense; concluding <u>Watson v. United States,</u> 552 U.S. 74, 83 (2007), applied only where enhanced sentence was based on "use" of firearm, not possession). Thus, the court correctly calculated a Category VI criminal history. <u>See</u> U.S.S.G. § 4B1.4(c) (criminal history category for ACC is Category VI if defendant used or possessed firearm in connection with controlled substance offense).

Upon independently reviewing the record in accordance with <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues outside the scope of the appeal waiver. Accordingly, we affirm the judgment of the district court. As for counsel's motion to withdraw, we conclude that allowing counsel to withdraw at this time would not be consistent with the Eighth Circuit's 1994 Amendment to Part V of the Plan to Implement The Criminal Justice Act of 1964. We therefore deny counsel's motion to withdraw as premature, without prejudice to counsel refiling the motion upon fulfilling the duties set forth in the Amendment.

_____