# United States Court of Appeals

### For the Eighth Circuit

_____

No. 15-3248

_____

United States of America

*Plaintiff - Appellee*

v.

Juan Martinez Leanos

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: April 15, 2016
Filed: July 11, 2016

_____

Before LOKEN, BEAM, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

Juan Martinez Leanos appeals his 120-month sentence—the mandatory minimum for his crime pursuant to 21 U.S.C. § 841(b)(1)(A)—arguing that the

district court[1] should have applied the so-called safety valve provided by 18 U.S.C. § 3553(f) and sentenced him below the statutory minimum. We affirm.

## I. *Background*

Martinez Leanos and his girlfriend, Patricia Solorzano, shared a home out of which they distributed methamphetamine. After several controlled buys, law enforcement officers secured a warrant to search Martinez Leanos and Solorzano's home. Inside, officers discovered two drug stashes. In the first drug stash, officers found a .45 caliber pistol and corresponding ammunition. In the second, officers found a 9mm pistol without any corresponding ammunition. Martinez Leanos admitted to officers that he purchased the 9mm firearm from a drug dealer for the purpose of personal protection. He also told officers that the .45 caliber firearm belonged to Solorzano. Martinez Leanos, pursuant to a plea agreement, pleaded guilty to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and being an illegal alien in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2). In the plea agreement, Martinez Leanos stipulated to possessing both firearms and the ammunition.

At sentencing, Martinez Leanos argued that the district court should sentence him below the mandatory minimum of 120 months pursuant to the so-called safety valve. The safety valve authorizes a sentence below the mandatory minimum under several conditions, including the following: "[T]he defendant did not . . . possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense." 18 U.S.C. § 3553(f)(2). Martinez Leanos argued that *Alleyne v. United States*, 133 S. Ct. 2151 (2013), should apply to the determination of whether he possessed a firearm in connection with the offense. If applicable, *Alleyne* would require that the government establish the fact of his firearm possession

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

beyond a reasonable doubt to a jury or as part of a guilty plea. Alternatively, he argued that the facts did not support a finding that he possessed the firearms in connection with the drug offense. Finally, he argued that he should receive a reduction pursuant to U.S.S.G. § 3B1.2 because his involvement in the drug operation was no more than minor.

The district court concluded that *Alleyne* does not apply in the context of the safety valve, that Martinez Leanos did possess the firearms in connection with the drug offense, and that Martinez Leanos was deeply involved in the drug operation. Martinez Leanos appeals. We have jurisdiction to review this final judgment of the district court pursuant to 28 U.S.C. § 1291.

## II. *Discussion*

Martinez Leanos raises three challenges on appeal: (A) He argues that *Alleyne* requires that any fact that can increase—or prevent a decrease of—a mandatory minimum sentence must be found by a jury or pleaded to by a defendant; in this instance, the safety-valve disqualifying fact of gun possession. (B) He argues that he did not possess the firearms in connection with the drug conspiracy. And (C) he argues that his participation in the drug conspiracy was at most minor.

### A. Alleyne *Does Not Apply to Safety-Valve Determinations*

The district court concluded that the Supreme Court's holding in *Alleyne* that "[f]acts that increase the mandatory minimum sentence are . . . elements and must be submitted to the jury and found beyond a reasonable doubt," 133 S. Ct. at 2158, is not applicable to facts that determine whether a defendant is eligible under the safety valve for a sentence below the statutory minimum. Martinez Leanos argues that the

district court erred because safety-valve ineligibility in effect increases his mandatory minimum sentence.[2] We disagree.

We review de novo the district court's legal conclusions on this issue. *United States v. Ruacho*, 746 F.3d 850, 853 (8th Cir. 2014) (per curiam). Five of our sister circuits have addressed this specific issue, and all five have declined to extend *Alleyne* in the manner that Martinez Leanos proposes. *See United States v. King*, 773 F.3d 48, 55 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 1865 (2015); *United States v. Lizarraga–Carrizales*, 757 F.3d 995, 997–99 (9th Cir. 2014), *cert. denied*, 135 S. Ct. 1191 (2015); *United States v. Juarez–Sanchez*, 558 F. App'x 840, 843 (10th Cir. 2014) (unpublished); *United States v. Silva*, 566 F. App'x 804, 807–08 (11th Cir. 2014) (unpublished per curiam), *cert. denied*, 135 S. Ct. 1190 (2015); *United States v. Harakaly*, 734 F.3d 88, 97–98 (1st Cir. 2013). We now join these circuits. Accordingly, the district court correctly concluded that the requirements of *Alleyne* do not apply to a district court's determination of whether the safety valve provided in 18 U.S.C. § 3553(f) applies.

B. *Martinez Leanos Possessed the Firearms in Connection with the Offense*

Next, we review for clear error the district court's factual finding that Martinez Leanos is not eligible for the safety valve. *Ruacho*, 746 F.3d at 853. The district court found that Martinez Leanos "possess[ed] a firearm . . . in connection with the offense" and was therefore ineligible for a below-mandatory-minimum sentence made

---

[2]The government argues that Martinez Leanos has waived his *Alleyne* argument because the plea agreement that he signed stated, "Defendant understands that the Court may not impose a sentence less than the mandatory minimum sentence *unless . . . the Court finds* that Defendant qualifies for safety valve under 18 U.S.C. § 3553(f)." (Emphasis added.) Waiver is the "intentional relinquishment or abandonment of a known right." *United States v. Booker*, 576 F.3d 506, 511 (8th Cir. 2009) (quotation and citation omitted). The statement to which the government points in the plea agreement does not have the kind of intentional or knowing character required to waive Martinez Leanos's *Alleyne* argument.

available by the safety valve. *See* 18 U.S.C. § 3553(f)(2). Specifically, the district court noted that officers discovered the firearms in the house with the drugs and that Martinez Leanos admitted to buying one firearm from a drug dealer for personal protection. Martinez Leanos argues that the district court clearly erred in so finding because one of the firearms did not have any corresponding ammunition and the other belonged to Solorzano, with whom he shared the house. We disagree.

We have held that a defendant possesses a firearm in connection with a drug offense if the firearm has the potential to facilitate the offense. *United States v. Jackson*, 552 F.3d 908, 910 (8th Cir. 2009) (per curiam). Moreover, constructive possession of a firearm is sufficient to render a defendant ineligible for the safety valve. *Id.* Thus, when a firearm is located "where it could be used to protect drugs," a district court does not clearly err in concluding that the firearm was possessed in connection with the drug offense. *Id.* (quotation and citation omitted). For example, where a firearm was located five feet away from a drug stash in a defendant's home—even though the defendant asserted that he never touched the firearm and that it did not belong to him—we held that the district court did not err in finding that the defendant was ineligible for the safety valve. *Id.* at 909–10.

In this case, Martinez Leanos himself connected the firearms to the drugs. He stipulated in his plea agreement that he possessed the two firearms and ammunition in the home. Officers found the firearms in the house's two drug stashes. Also, Martinez Leanos admitted that he purchased one of the firearms from a drug dealer for his own protection. Last, Martinez Leanos distributed drugs out of that house. Accordingly, the district court did not clearly err in finding that Martinez Leanos possessed the firearms and ammunition in connection with the drug offense.

C. *Any Error With Respect to Martinez Leanos's Role is Harmless*

Finally, the district court denied Martinez Leanos's request to receive a sentence reduction as a minimal or minor participant in the drug conspiracy under

U.S.S.G. § 3B1.2. Martinez Leanos argues that this was error. But any error in denying Martinez Leanos a role adjustment under § 3B1.2 was harmless. The district court sentenced Martinez Leanos to the mandatory minimum sentence of 120 months' imprisonment, a sentence already above the calculated Guidelines range of 87 to 108 months. A reduction to the Guidelines range pursuant to § 3B1.2 would not have actually resulted in a lower sentence. Accordingly, Martinez Leanos's challenge fails.

## III. *Conclusion*

For these reasons, we affirm Martinez Leanos's conviction and sentence.

_____