NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0104n.06
No. 19-5145

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
|  | ) | Feb 14, 2020 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE |
|  | ) | UNITED STATES DISTRICT |
| JUSTIN L. SAIN, | ) | COURT FOR THE EASTERN |
|  | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) |  |
|  | ) |  |

Before: GIBBONS, KETHLEDGE, and BUSH, Circuit Judges.

KETHLEDGE, Circuit Judge. Justin Sain pled guilty to conspiring to distribute at least 50 grams of methamphetamine. The district court sentenced Sain to 120 months' imprisonment—the mandatory minimum—after it found that he possessed a gun in connection with the drug offense. Sain challenges that finding, and also argues that the government needed to prove that connection to a jury beyond a reasonable doubt. We reject his arguments and affirm.

In April 2017, the Chattanooga Police Department suspected that John Webb was distributing drugs. The police were watching Webb's apartment when they saw Justin Sain arrive and leave a few minutes later. The officers followed Sain and pulled him over for a traffic violation. Eventually, they frisked Sain and found 98 grams of methamphetamine; they also searched his car and found digital scales, syringes, a meth pipe, and a .44 Magnum revolver—all inside a briefcase on the passenger seat.

The government charged Sain with conspiring to distribute at least 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Sain pled guilty. His guidelines range was 87 to 108 months' imprisonment, but the quantity of drugs triggered a 120-month mandatory-minimum sentence under 21 U.S.C. § 841(b)(1)(A). At his sentencing hearing, Sain argued that the district court should apply a statutory safety valve and sentence him "without regard to any statutory minimum sentence." *See* 18 U.S.C. § 3553(f). The district court rejected that argument and sentenced Sain to the statutory minimum of 120 months' imprisonment. This appeal followed.

Sain argues that he should have qualified for safety-valve relief because, he says, the .44 Magnum was not connected with his drug offense. Safety-valve relief allows a district court to "impose a sentence . . . without regard to any statutory minimum sentence[,]" but only if a defendant demonstrates, among other things, that he did not possess a firearm "in connection with" his drug offense. *Id.* § 3553(f)(2). We review for clear error the district court's finding that Sain did possess the gun in connection with his drug offense. *United States v. Haynes*, 468 F.3d 422, 426 (6th Cir. 2006).

The parties agree that whether Sain possessed the .44 Magnum in connection with his drug distribution depends on the "proximity of the firearm to the drugs, the type of firearm involved, whether the firearm was loaded, and any alternative purpose offered to explain the presence of the firearm." *United States v. Moses*, 289 F.3d 847, 850 (6th Cir. 2002). Sain offered an alternative purpose: he said that he always kept the .44 Magnum in his car and mostly used it for hunting and recreation. But the police arrested Sain in an industrial area—an unlikely place for hunting—and Tennessee's hunting season had closed three months before. Moreover, the .44 Magnum was loaded and was easily accessible if Sain needed it to protect the drugs. The district court thus did

not clearly err when it found that Sain possessed the gun in connection with his drug offense. *See United States v. Leanos*, 827 F.3d 1167, 1170 (8th Cir. 2016); *cf. United States v. Bolton*, No. 93-5533, 1994 WL 83323, at *4 (6th Cir. Mar. 15, 1994) (table).

Sain also makes two constitutional arguments that he did not raise at sentencing. Although we generally review constitutional issues de novo, we apply plain error review when a defendant failed to raise the arguments below. *United States v. Yancy*, 725 F.3d 596, 600 (6th Cir. 2013). Sain must therefore show, among other things, that both alleged errors were "plain" or "obvious" under current law. *See United States v. Olano*, 507 U.S. 725, 732–34 (1993).

First, Sain argues that a jury, rather than a judge, should have decided whether he possessed the .44 Magnum in connection with his drug distribution. Our circuit has not addressed the issue, and questions of first impression are generally "inappropriate to address under plain error review." *See United States v. Accardi*, 669 F.3d 340, 348 (D.C. Cir. 2012). Moreover, eight other circuits have rejected Sain's argument. *See United States v. Fincher*, 929 F.3d 501, 504 (7th Cir. 2019) (collecting cases). The district court therefore did not plainly err in making this finding itself. *See United States v. Jones*, 108 F.3d 668, 672 (6th Cir. 1997).

Second, Sain argues that the government, rather than Sain himself, should have borne the burden of proving the connection between the .44 Magnum and Sain's drug distribution. But we have repeatedly held that the "defendant bears the burden of proving by a preponderance of the evidence that he is entitled to relief under the safety valve." *E.g.*, *United States v. Barron*, 940 F.3d 903, 914 (6th Cir. 2019). Thus, the district court did not plainly err when it placed the burden of proof on Sain rather than the government.

The district court's judgment is affirmed.