*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 13a0208p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee,*

   *v.*

   No. 12-6204

CHRISTOPHER YANCY, aka "Tray,"
      *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 2:11-cr-20108-1—S. Thomas Anderson, District Judge.

Decided and Filed:  August 6, 2013

Before:  ROGERS and COOK, Circuit Judges; VAN TATENHOVE, District Judge[*]

_____

### COUNSEL

_____

**ON BRIEF:** William Joshua Morrow, Doris Randle-Holt, FEDERAL PUBLIC DEFENDER'S OFFICE, Memphis, Tennessee, for Appellant.  Kevin G. Ritz, UNITED STATES ATTORNEY'S OFFICE, Memphis, Tennessee, for Appellee.

_____

### OPINION

_____

COOK, Circuit Judge.  Christopher Yancy, who pleaded guilty to felon-in-possession, carjacking, and use-of-firearm charges, 18 U.S.C. §§ 922(g), 2119, and 924(c), appeals his 156-month sentence[1] asserting two errors: (1) misapplication of the use-of-a-minor enhancement, U.S.S.G. § 3B1.4; and (2) improper judicial fact-finding

---

[*] The Honorable Gregory F. Van Tatenhove, United States District Judge for the Eastern District of Kentucky, sitting by designation.

[1] The court sentenced Yancy to concurrent 72-month terms on the possession and carjacking counts and a consecutive term of 84 months on the firearm-use count, for a total of 156 months' imprisonment.

pertaining to uncharged conduct that increased his statutory minimum sentence.  We AFFIRM.

I.

We review Yancy's guidelines objection—a challenge to the procedural reasonableness of his sentence—under a deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 41, 51 (2007); *United States v. Stubblefield*, 682 F.3d 502, 510 (6th Cir. 2012).  "In reviewing the district court's calculation of the Guidelines, we . . . review the district court's factual findings for clear error and its legal conclusions *de novo*."  *United States v. Bolds*, 511 F.3d 568, 579 (6th Cir. 2007); *see also* 18 U.S.C. § 3742(e); *Stubblefield*, 682 F.3d at 510.  Under the clear-error standard, we abide by the court's findings of fact unless the record "le[aves] [us] with the definite and firm conviction that a mistake has been committed."  *United States v. Gardner*, 649 F.3d 437, 442 (6th Cir. 2011) (citation and internal quotation marks omitted).

Pointing to *United States v. Butler*, 207 F.3d 839 (6th Cir. 2000), Yancy argues that the record lacks evidence that he "t[ook] affirmative acts to involve [a] minor," *see id.* at 848, and thus his two-level sentence enhancement for "[u]s[ing] or attempt[ing] to use a [minor] to commit the offense" under U.S.S.G. § 3B1.4 cannot stand.  Indeed, *Butler* recognized that *using*, in this context, "entails more than being the equal partner of that minor in committing a crime."  *Butler*, 207 F.3d at 848–49.  The guideline's application note defines "us[e] and attempt[ed] us[e]" to "include[] directing, commanding, encouraging, intimidating, counseling, training, procuring, recruiting, or soliciting."  U.S.S.G. § 3B1.4 cmt. n.1.

Here, the district court found that Yancy used O.P., a minor, to facilitate an armed robbery and carjacking outside a liquor store.  The court relied on two primary sources in making this determination: (1) the presentence report's account of Yancy's retrieving a shotgun "he could use to get some money" from an acquaintance's home; and (2) O.P.'s sentencing hearing testimony about the robbery.  Despite inconsistencies in the minor's testimony, the court found that "[t]he one thing that is consistent . . . is that throughout he has indicated that . . . Mr. Yancy gave [O.P.] Mr. Yancy's phone and

instructed him to act like he was talking on the phone and to initiate a conversation or initiate contact with the first person who came up." (R.79, Sent'g Tr. at 68.)

O.P.'s sentencing hearing testimony confirmed that Yancy gave him a cell phone and told him to "[p]lay like [he] was on the phone . . . [s]o [they] could see if [the intended victim] had some money." (*Id.* at 26–27. *But see id.* at 28–29 (denying that Yancy instructed him to ask the intended victim for a cup of change, because he "already knew what to do then").) O.P. followed these instructions, pretending to talk on the phone and asking the first passerby if he had change. Then, as that person left the store, Yancy robbed him at gunpoint, and Yancy and O.P. fled the scene in the victim's car. (*Id.* at 27–31.) Crediting parts of O.P.'s testimony and considering the above application note, the district court applied the enhancement, finding that "Mr. Yancy directed [O.P.] to take [a] phone, to stand in front of the store, [and] to initiate contact with the first person who came up." (*Id.* at 68.)

Though he quibbles with the government's account and argues that the evidence shows that O.P. acted as an equal partner, Yancy has no response to the evidence relied upon by the district court. The court's factual findings are not clearly erroneous. *See United States v. Worley*, 193 F.3d 380, 384 (6th Cir. 1999) ("'[W]here there are two permissible views of the evidence' the district court's conclusions 'cannot be clearly erroneous.'" (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985))).

Accepting these facts, the district court properly applied the use-of-a-minor enhancement. The evidence showed that Yancy gave O.P. general instructions and a tool (cell phone) to carry out his role in the robbery (identifying and/or distracting the intended victim). O.P. played his part, Yancy committed the robbery, and the two fled in the victim's car. In this manner, then, Yancy "t[ook] affirmative acts to involve a minor" in the crime. *Butler*, 207 F.3d at 848. Within the context of the application note, this conduct certainly qualifies as "directing, commanding, encouraging, . . . counseling, [or] training" the minor for the offense. U.S.S.G. § 3B1.4 cmt. n.1. It matters not whether O.P. contributed to the planning of the crime. While not a "strict liability enhancement," *Butler*, 207 F.3d at 848, section 3B1.4 does not require *substantial use*

of a minor, only *use* or *attempted use* of a minor, *see, e.g.*, *United States v. Wheeler*, 67 F. App'x 296, 306 (6th Cir. 2003) (affirming application of enhancement where evidence supported district court's conclusion that the defendant used the minor to sell drugs, despite the defendant's and minor's testimony that the minor was only a customer); *United States v. Curtis*, No. 99-3818, 205 F.3d 1342 (6th Cir. 2000) (unpublished table decision) (same, where the defendant admitted asking a minor to print additional counterfeit money).   The record amply supports application of the enhancement here, and we affirm.

II.

Yancy next argues that the district court violated his Sixth Amendment and due process rights, as articulated in *Apprendi v. New Jersey*, 530 U.S. 466, 477, 490 (2000), by issuing a consecutive, seven-year sentence for "brandish[ing]" a firearm during the offense, despite the fact that his indictment only charged "us[ing] or carr[ying]" a firearm. *See* 18 U.S.C. § 924(c)(1)(A), (A)(ii) (imposing seven-year minimum sentence "if the firearm is brandished").  Though *Harris v. United States*, 536 U.S. 545 (2002), foreclosed this argument at the time of briefing, the Supreme Court  recently overruled *Harris*, extending the rule of *Apprendi* to preclude judicial factfinding from enhancing statutory minimums, as well as maximums. *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013).  Having anticipated this outcome, Yancy argues that the overruling of *Harris* resuscitates an otherwise futile argument, necessitating de novo review, and that the indictment's failure to charge brandishing, § 924(c)(1)(A)(ii), compels vacating his sentence.  The government stands by Yancy's sentence, arguing that plain-error review applies to this newly raised objection, and that Yancy's admission of brandishing—not judicial factfinding—justified the sentence.

Because Yancy voluntarily admitted the facts establishing brandishing during his plea, with full knowledge of their potential effect on his sentence, and because he suffered no prejudice from the indictment's failure to specify brandishing, we affirm.

*A. Standard of Review*

We review this challenge for plain error.  Although the presentence report recommended a brandishing enhancement, Yancy did not object to that enhancement before the district court.  Yancy nevertheless argues that we should give fresh review to this forfeited issue, noting that *Harris* rendered any such objection futile.  *See Harris v. United States*, 536 U.S. 545, 556 (2002) (concluding that "§ 924(c)(1)(A) defines a single offense," wherein "brandishing and discharging [are] sentencing factors to be found by the judge, not offense elements to be found by the jury").

Forfeited constitutional sentencing issues generally receive plain-error review. *E.g.*, *United States v. Hadley*, 431 F.3d 484, 498 & n.8 (6th Cir. 2005) (reviewing unpreserved Confrontation Clause claim for plain error); *United States v. Milan*, 398 F.3d 445, 451 (6th Cir. 2005) (same, forfeited Sixth Amendment claim post-*Booker*). We have also applied plain-error review to forfeited claims when "well-settled" law (destined to be overruled) made objection "futile."  *United States v. Dedhia*, 134 F.3d 802, 808 (6th Cir. 1998); *United States v. Rogers*, 118 F.3d 466, 471 (6th Cir. 1997). *Johnson v. United States*, 520 U.S. 461, 466–67 (1997), cited by these decisions, applied plain-error review to an unpreserved Sixth Amendment jury-question claim—whether the jury decides materiality for purposes of a perjury charge—even though controlling circuit precedent defeated this argument at the time of trial.  *See also Rogers*, 118 F.3d at 471 (noting that "[s]everal circuit courts" had rejected the claim before the Supreme Court ruled to the contrary, but that *Johnson* still applied plain-error review to the forfeited claim).  In so ruling, the *Johnson* Court explained that "the seriousness of the error claimed does not remove consideration of it from the ambit of the Federal Rules

of Criminal Procedure," specifically Rule 52.**2** *Johnson*, 520 U.S. at 466. *Johnson* thus counsels in favor of plain-error review here.

So does our decision in *Hadley*, which applied plain-error review to a forfeited Confrontation Clause claim, despite the fact that the Supreme Court changed course in its application of that constitutional protection. 431 F.3d at 498 & n.8. At the time of the appeal, the Supreme Court had just discarded established precedent subjecting the confrontation right to, *inter alia*, "firmly rooted hearsay exception[s]." *See Crawford v. Washington*, 541 U.S. 3, 40, 60–69 (2004), *overruling Ohio v. Roberts*, 448 U.S. 56 (1980). Yet, at the time of the defendant's trial in *Hadley*, "the district court was bound by existing precedent that conflated the two inquiries whether an out-of-court statement was admissible under the hearsay exception for excited utterances and whether the statement was admissible over a Confrontation Clause challenge." *Hadley*, 431 F.3d at 498 n.8 (citing *White v. Illinois*, 502 U.S. 346, 355–58 (1992)). Even though the defendant "had little incentive" under the existing rule "to raise a separate Confrontation Clause objection to the admission of . . . out-of-court statements," we applied plain-error review, following the Supreme Court's guidance in *Johnson*. *Hadley*, 431 F.3d at 498 & n.8.

Yancy does not dispute that he failed to preserve this issue in the district court, and he fails to identify authority supporting de novo review in these circumstances. Under the plain-error lens, then, he "must show that there is '1) error, 2) that is plain, and 3) that affects substantial rights,'" and if so, he must persuade us that "'4) the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings.'"

---

**2**Federal Rule 52 defines "harmless error" and "plain error" review as follows:

**(a) Harmless Error.** Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.

**(b) Plain Error.** A plain error that affects substantial rights may be considered even though it was not brought to the court's attention.

This Rule, which "provides a court of appeals a limited power to correct [plain] errors," embodies the longstanding principle that "a constitutional right, or a right of any other sort, may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." *United States v. Olano*, 507 U.S. 725, 731 (1993) (citation and internal quotation marks omitted).

*United States v. Murdock*, 398 F.3d 491, 496 (6th Cir. 2005) (quoting *Johnson*, 520 U.S. at 467).  Yancy's *Apprendi* claim falters on the last two steps.

*B.  The Sixth Amendment Claim*

As noted above, the Supreme Court's recent decision in *Alleyne* extended the *Apprendi* rule to preclude judicial factfinding from enhancing statutory minimums. *Alleyne*, 133 S. Ct. at 2155.  *Alleyne* held:

> Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

*Id.* (citation omitted).  Addressing the same aggravating circumstance challenged in this case, the Court reclassified brandishing as an element of a "distinct and aggravated crime," § 924(c)(1)(A)(ii), and remanded "for resentencing consistent with the jury's verdict" of using or carrying a firearm under § 924(c)(1)(A).  *Id.* at 2163, 2164.  It would appear, then, that *Alleyne* requires the same outcome here.

A key feature of Yancy's guilty plea, however, suggests otherwise:  Yancy *admitted* brandishing a firearm.  (R. 83, Plea Hr'g Tr. at 25 (affirming that he pointed the shotgun at the victim and threatened him during the robbery).)  Because *Alleyne* did not involve the effect of a defendant's admission of the facts necessary for an aggravated crime, it leaves undisturbed our cases deeming such admissions fatal to *Apprendi* claims. *See, e.g.*, *United States v. Benson*, 186 F. App'x 648, 656 (6th Cir. 2006); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003); *United States v. Harper*, 246 F.3d 520, 529–30 (6th Cir. 2001).  These cases recognize that, when a defendant knowingly admits the facts necessary for a sentence enhancement in the context of a plea, simultaneously waiving his Sixth Amendment right to a jury trial, no *Apprendi* problem arises.  *See Benson*, 186 F. App'x at 656 ("[N]o *Apprendi* violation [is] possible because any facts used to increase Defendant's sentence were admitted by the Defendant at the guilty plea hearing.").  The Supreme Court appears to endorse this distinction, too, as reflected by

its cases incorporating admitted facts as part of the *Apprendi* rule. *United States v. Booker*, 543 U.S. 220, 244 (2005) ("[W]e reaffirm our holding in *Apprendi*: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be *admitted by the defendant* or proved to a jury beyond a reasonable doubt." (emphasis added)); *Blakely v. Washington*, 542 U.S. 296, 303 (2004) (explaining that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*").

Still, another aspect of *Alleyne* gives pause: its discussion of the longstanding rule that all "elements" of a crime must appear in the indictment. *Alleyne*, 133 S. Ct. at 2159–60. Herein lies Yancy's weightiest objection: that the indictment charged him with "us[ing] and carry[ing]" a firearm, not brandishing. (R.1, Indictment ct. III.) The government's decision to charge Yancy with the base-level offense, leaving the degree-of-use for sentencing, made sense under *Harris*, which treated § 924(c)(1)(A) as a single crime. *Harris*, 536 U.S. at 556. In that context, and with full knowledge that brandishing would increase his minimum sentence to seven years (R. 83, Plea Hr'g Tr. at 19),[3] Yancy still pleaded guilty and voluntarily admitted facts undeniably establishing brandishing: pointing the shotgun at the victim during the carjacking and threatening him with bodily harm (*id.* at 25).

We now know, in the aftermath of *Alleyne*, that brandishing constitutes an element of a separate offense and that the government needed to charge that crime in the indictment. By virtue of *Alleyne* overruling *Harris*, then, we have a situation akin to a modification (amendment or variance) of the indictment; the crime of conviction differs from the crime charged. *See, e.g.*, *United States v. Budd*, 496 F.3d 517, 521 (6th Cir. 2007). Whereas a "constructive amendment results when the terms of an indictment are

---

[3]Defense counsel also vouched for Yancy's understanding of the ramifications of admitting brandishing. (R. 83, Plea Hr'g Tr. at 27 (stating that Yancy "understands if the court finds that he brandished, which the court likely will based on the facts of the case, he will be facing not less than seven years").)

. . . altered by the presentation of evidence and jury instructions which so modify essential elements of the offense charged that there is a substantial likelihood that the defendant may have been convicted of an offense other than the one charged," a variance "occurs when the charging terms of the indictment are unchanged, but the evidence at trial proves facts materially different from those alleged in the indictment." *Id.* (modifications and internal quotation marks omitted). The analogy goes only so far, however, because both the constructive amendment and variance doctrines presuppose trial developments (*e.g.*, presentation of evidence, jury instructions) that drift from the indictment's moorings. *See, e.g.*, *id.*; *Swanigan v. Sherry*, 502 F. App'x 544, 547–48 (6th Cir. 2012); *United States v. Caldwell*, 176 F.3d 898, 901–02 (6th Cir. 1999).

Yet that is not today's case. The defendant understood the charge against him (firearm use during a crime of violence), knew the consequences of brandishing (the seven-year minimum), and voluntarily pleaded guilty, admitting that he did in fact brandish the weapon during the carjacking. This knowing admission under oath required no independent judicial factfinding; the district court simply sentenced in accordance with Yancy's admitted conduct.

Yancy fails to explain how this error in the indictment arising from *Alleyne*'s new rule deprived him of the constitutionally required notice of the charge against him or confused him as to the potential penalties of admitting his guilt. *Cf. Alleyne*, 133 S. Ct. at 2160 (explaining that the rule requiring each element of the offense to appear in the indictment "'enabled [the defendant] to determine the species of offence' with which he was charged 'in order that he may prepare his defence accordingly . . . and *that there may be no doubt as to the judgment which should be given*, if the defendant be convicted.'" (quoting Archbold 44 (15th ed. 1862))). We know of no reason to presume prejudice, as we would with a constructive amendment, *e.g.*, *Budd*, 496 F.3d at 521, and appellant offers none. Further, he gives us no reason to determine that he would have changed his plea had the indictment properly charged him with brandishing under § 924(c)(1)(A)(ii). Consequently, he neither shows an error affecting his substantial rights nor persuades us that the denial of his claim will detrimentally impugn the

fairness, integrity, or public reputation of judicial proceedings or otherwise result in a miscarriage of justice. *See United States v. Olano*, 507 U.S. 725, 735 (1993) ("Normally, although perhaps not in every case, the defendant must make a specific showing of prejudice to satisfy the 'affecting substantial rights' prong of Rule 52(b)."); *Johnson*, 520 U.S. at 469–70 (declining to remedy the Sixth Amendment error where overwhelming evidence supported the criminal element improperly decided by the district court).

The Supreme Court long ago cautioned "no variance ought ever to be regarded as material where the allegation and proof substantially correspond, or where the variance was not of a character which could have misled the defendant." *Berger v. United States*, 295 U.S. 78, 83 (1935) (quoting *Wash. & G.R. Co. v. Hickey*, 166 U.S. 521, 531–32 (1897)). We heed that advice today.

III.

We AFFIRM the district court's sentencing judgment.