NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 29, 2013
Decided August 29, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-1809

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff–Appellee,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 10 C 1067 |
| RANDY RAMIREZ, | |
| *Defendant–Appellant.* | Samuel Der-Yeghiayan, |
| | *Judge.* |

## O R D E R

For several years Randy Ramirez bought cocaine from a single supplier, often purchasing one kilogram at a time multiple times per week. Ramirez also purchased, at least once, a kilogram of heroin. The government's investigation of the supplier led them to Ramirez, who was charged in late 2010 with conspiracy to possess and distribute cocaine and heroin. *See* 21 U.S.C. §§ 846, 841(a)(1). Ramirez pleaded guilty and admitted involvement with at least 30 kilograms of cocaine and 1 kilogram of heroin.

A probation officer calculated a total offense level of 31 based on the admitted quantity of drugs, *see* U.S.S.G. § 2D1.1(a)(5), (c)(3), and Ramirez's acceptance of responsibility, *see id.* § 3E1.1. The probation officer also calculated a criminal-history

category of III, which together with the offense level yields a guidelines imprisonment range of 135 to 168 months. At sentencing Ramirez argued that his criminal-history category overstates his criminal past. He asked for the statutory minimum, 120 months, *see* 21 U.S.C. § 841(b)(1)(A), because his four earlier offenses are misdemeanors that occurred over a decade ago. The district court agreed with Ramirez that his criminal-history category is overstated. The judge concluded that Ramirez's criminal past is "more reflective of a category two" offender and sentenced him to 121 months' imprisonment plus five years of supervised release.

Ramirez has filed a notice of appeal, but his appointed lawyer asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Ramirez has not responded to counsel's motion. *See* CIR. R. 51(b). We limit our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel first informs us that Ramirez does not want to challenge his guilty plea. Thus the lawyer appropriately omits discussion about the plea colloquy and the voluntariness of Ramirez's plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002).

Next counsel discusses a potential challenge to Ramirez's prison sentence. As counsel notes, the Supreme Court recently held that facts triggering application of a statutory minimum generally must be found by a jury beyond a reasonable doubt. *Alleyne v. United States*, 133 S. Ct. 2151, 2158 (2013). Counsel recognizes, however, that by pleading guilty Ramirez waived his right to have a jury, rather than the district judge, determine the drug quantity. *See United States v. Roche*, 415 F.3d 614, 617 (7th Cir. 2005); *United States v. Collins*, 272 F.3d 984, 987–88 (7th Cir. 2001) (noting that defendant waived right to jury determination of drug quantity by stipulating to amount of crack cocaine involved in case). And Ramirez's judicial admission that the amount of cocaine was at least 30 kilograms negated the need for the district court to make a finding beyond a reasonable doubt regarding drug quantity. *See United States v. Warneke*, 310 F.3d 542, 550 (7th Cir. 2002); *United States v. Yancy*, No. 12-6204, 2013 WL 3985011, at *4 (6th Cir. Aug. 6, 2013) (explaining that *Alleyne* did not change rule that, when government seeks statutory sentencing enhancement, defendant's guilty plea and admissions during plea colloquy relieve government of burden of proving facts to jury beyond a reasonable doubt). Thus, we agree with counsel that this potential challenge to Ramirez's sentence would be frivolous.

Last, counsel questions whether Ramirez could argue that his prison sentence is unreasonable but concludes that this potential challenge also would be frivolous. We agree with that assertion. Counsel is unable to identify any possible error in the district court's calculation of the guidelines range. The court entertained Ramirez's arguments in mitigation, accepted one of those arguments, and imposed a prison term 14 months below the guidelines minimum and only 1 month above the statutory minimum. We presume that a sentence below the guidelines range is reasonable, *United States v. Klug*, 670 F.3d 797, 800 (7th Cir. 2012); *United States v. Poetz*, 582 F.3d 835, 837 (7th Cir. 2009), and counsel has identified no reason to upset this presumption.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.