NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0684n.06

No. 13-2301

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Sep 03, 2014

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| TYREE WASHINGTON, | ) | |
| | ) | **OPINION** |
| **Defendant-Appellant.** | ) | |
| | ) | |

Before: MOORE and STRANCH, Circuit Judges; HOOD, District Judge.[*]

**KAREN NELSON MOORE, Circuit Judge.** Tyree Washington was convicted and sentenced for his role in a series of carjackings. He appealed the convictions and sentence. In a previous decision, we affirmed the convictions, but vacated his sentence and remanded to allow the district court to reorder for sentencing the three convictions under 18 U.S.C. § 924(c). *See United States v. Washington*, 714 F.3d 962 (6th Cir. 2013).[1]

Before Washington was resentenced, the Supreme Court decided *Alleyne v. United States*, 133 S. Ct. 2151 (2013), holding that a jury, not a judge, must find that a defendant brandished a firearm during and in relation to a crime of violence under § 924(c). *Id.* at 2162–

---

[*]The Honorable Joseph M. Hood, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

[1]The prior opinion provides an ample background on the crimes committed and the court proceedings. Consequently, we will not duplicate those details here except as necessary to our reasoning.

63. Without such a finding by the jury, the district court could not sentence the defendant to the enhanced statutory mandatory-minimum sentence for brandishing. *See id.*

During resentencing, Washington argued that *Alleyne* required not only that a jury must find that Washington brandished the gun in each of the carjackings, but also that, in order to apply § 924(c)'s 25-year mandatory-minimum sentence to "second or subsequent" convictions, the jury had to find that the convictions were "second or subsequent." The district court rejected this argument based on our decision in *United States v. Mack*, 729 F.3d 594, 606–09 (6th Cir. 2013). In *Mack*, we reasoned that a failure to submit the brandishing determination to a jury was plain error, but this did not affect the defendant's substantial rights because it was harmless as the brandishing question was not in dispute in that case. *Id.* We also rejected an identical argument regarding consecutive 25-year sentences. *See id.* at 609 (following *Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998), while acknowledging that *Almendarez-Torres* "stand[s] on shifting sands").

In this appeal, Washington presses both arguments that he made at his resentencing. As to the brandishing element, Washington argues that *Mack* is distinguishable because in *Mack* the argument was made for the first time on appeal, thus leading to plain-error review, while here Washington made the argument at his resentencing. As to the "second or subsequent" sentences, Washington acknowledges that *Mack* and *Almendarez-Torres* tie our hands, but presses the argument in order to preserve it.

Washington may have a good argument that his case is indeed distinguishable from *Mack.* Stronger yet would be an argument that Washington's sentence for brandishing a firearm was an impermissible constructive amendment of his indictment. *See United States v. Hackett*, -- F.3d --, 2014 WL 3865994, at *6–7 (6th Cir. 2014) (holding that where an indictment charges only "use and carry," a post-trial, ten-year, mandatory-minimum sentence for discharging a firearm is a constructive amendment of the indictment, an error not subject to harmless error analysis). *But see United States v. Yancy*, 725 F.3d 596, 601–03 (6th Cir. 2013) (rejecting a similar argument where the defendant pleaded guilty, admitting to brandishing a firearm and acknowledging through counsel that he understood the consequences of such an admission). Washington has failed to make this argument that there was a constructive amendment of the indictment, and we therefore do not consider it.

We cannot review either of the substantive arguments Washington does raise because our previous remand was a limited remand. *See Washington*, 714 F.3d at 965 (stating that "[b]ecause we agree that the district court erroneously imposed the defendant's sentences under § 924(c) in the order in which he committed each crime, we **VACATE** the judgment of the district court on this ground only, and **REMAND** for the limited purpose of recalculating the defendant's sentence"); *id.* at 971 (concluding that "[t]he district court's judgment is **VACATED IN PART** with respect to the ordering of the defendant's convictions for sentencing under § 924(c)"); *see also United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999) ("Limited remands explicitly outline the issues to be addressed by the district court and create a narrow framework within

which the district court must operate."). "Under the doctrine of the law of the case, determinations of the court of appeals of issues of law [such as the scope of a remand] are binding on both the district court on remand and the court of appeals upon subsequent appeal." *Campbell*, 168 F.3d at 265. The district court recognized that our remand was limited to reviewing the ordering of the § 924(c) convictions only. R. 173 (Re-Sentencing Tr. at 23) (Page ID #1664). And we are so limited as well.

As the district court has followed our instructions with regard to reordering the § 924(c) convictions, we **AFFIRM** the district court's judgment.