# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 24, 2017

Stephen J. Markman,
Chief Justice

Robert P. Young, Jr.
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

153952

PEOPLE OF THE STATE OF MICHIGAN,
             Plaintiff-Appellee,

v

HORACE DEMARIO COLLINS,
             Defendant-Appellant.

SC: 153952
COA: 327971
Kent CC: 14-006374-FC

_____/

On order of the Court, the application for leave to appeal the August 20, 2015 order of the Court of Appeals is considered. We direct the Clerk to schedule oral argument on whether to grant the application or take other action. MCR 7.305(H)(1). We further ORDER the Kent Circuit Court, in accordance with Administrative Order 2003-03, to determine whether the defendant is indigent and, if so, to appoint the State Appellate Defender Office to represent the defendant in this Court.

The parties shall file supplemental briefs within 42 days of the date of the order appointing counsel addressing whether a defendant who was sentenced prior to *People v Lockridge*, 498 Mich 358 (2015), sufficiently waived his constitutional rights to notice and jury proof beyond a reasonable doubt of facts used to score offense variables under MCL 777.1 *et seq.*, where those facts were not charged in an indictment or information, but where he pleaded guilty or no contest and stipulated under oath to the aggravating facts in the context of a general waiver of his jury trial rights. Compare *Apprendi v New Jersey*, 530 US 466, 476; 120 S Ct 2348; 147 L Ed 2d 435 (2000) (stating that " 'under the Due Process Clause of the Fifth Amendment and *the notice* and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime *must be charged in an indictment*, submitted to a jury, and proven beyond a reasonable doubt' ") (emphasis added), quoting *Jones v United States*, 526 US 227, 243 n 6; 119 S Ct 1215; 143 L Ed 2d 311 (1999), with *United States v Booker*, 543 US 220, 244; 125 S Ct 738; 160 L Ed 2d 621 (2005) (stating that "we reaffirm our holding in *Apprendi*: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts

established by a plea of guilty or a jury verdict must be *admitted by the defendant* or proved to a jury beyond a reasonable doubt") (emphasis added). See also *United States v Yancy*, 725 F3d 596 (CA 6, 2013).

The Criminal Defense Attorneys of Michigan and the Prosecuting Attorneys Association of Michigan are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 24, 2017



Clerk

s0117