NOT RECOMMENDED FOR PUBLICATION
File Name:  19a0322n.06

No. 17-2005

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jun 25, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| LEE EARNEST WESLEY, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  BATCHELDER, GRIFFIN, and DONALD, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant Lee Wesley claims the district court deprived him of due process of law as guaranteed by the Fifth Amendment when it allegedly denied him the opportunity to discover whether his jury venire complied with the Sixth Amendment and the Jury Selection and Service Act of 1968, 28 U.S.C. § 1861 *et seq.*  We reject this contention and affirm.

I.

Wesley was indicted on several drug-related charges.  During jury selection, his attorney objected to the jury venire's composition because it lacked any individual from Detroit and apparently only two of its members were African American.  The district court denied the objection, and on November 4, 2016, the jury convicted Wesley on all counts.

Over two months later, in January 2017, Wesley moved for a new trial.  He asserted the jury venire's composition violated his Sixth Amendment right to an impartial jury and the Jury

Selection and Service Act of 1968 (JSSA), 28 U.S.C. § 1861 *et seq.*, and requested both the release of "all information relevant" to his claims and an evidentiary hearing. The district court denied the motion on two independent grounds: (1) it was untimely under Federal Rule of Criminal Procedure 33(b)(2) because it was filed well beyond fourteen days after the jury's verdict as required by that rule and Wesley did not demonstrate "excusable neglect" so as to extend this deadline under Federal Rule of Criminal Procedure 45(b)(1)(B)'s good-cause provision; and (2) it lacked merit.

Undeterred, and on the eve of sentencing in August 2017, Wesley renewed his motion for a new trial. The main basis for that motion—along with its request for extensive discovery—was an unverified assertion that an administrator for the United States District Court for the Eastern District of Michigan's jury department told Wesley's attorney that "the records and papers concerning the 2013 and 2015 Master Jury Wheels," *see* 28 U.S.C. § 1863, were "not really" "available to the public." In a comprehensive opinion, the district court again denied the motion. It reiterated that Wesley could not show excusable neglect, found a lack of due diligence in attempting to introduce this "new evidence," and concluded that even if the motion was timely, it again failed on the merits.

## II.

On appeal, Wesley does not contend the district court erred in finding his motions for a new trial untimely and meritless. Instead, the sole claim raised in this appeal is one he did not present to the district court—that he was deprived of due process of law as guaranteed by the Fifth Amendment "when he was denied an opportunity to determine whether the jury venire in his trial was drawn from a fair cross-section of the community." Defendant supports this contention by arguing: (a) the JSSA's timeframe for when a criminal defendant must initiate a challenge to his

jury venire is unconstitutionally vague; (b) the United States District Court for the Eastern District of Michigan does not comply with the JSSA; and (c) the district court denied his discovery requests. Because Wesley failed to raise this issue below, we review for plain error. *United States v. Yancy*, 725 F.3d 596, 600 (6th Cir. 2013). This demanding standard requires he establish (1) error, (2) that is plain, (3) that affects his substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *Id.* at 601. He cannot.

A "court of appeals cannot correct an error . . . unless the error is clear under current law." *United States v. Olano*, 507 U.S. 725, 734 (1993). A lack of precedent "preclude[s a] finding of plain error." *United States v. Al-Maliki*, 787 F.3d 784, 794 (6th Cir. 2015). Here, there is no binding authority holding that a district court deprives a criminal defendant of due process by denying him "an opportunity to determine whether the jury venire in his trial was drawn from a fair cross-section of the community."

And even if there were, there is a difference between having an opportunity to discover constitutional and statutory misconduct and failing to take advantage of that opportunity. *Cf. Lewis v. Whirlpool Corp.*, 630 F.3d 484, 490 (6th Cir. 2011). This is a case about the latter. Defendant's attorneys initially objected to the composition of the jury venire but failed to preserve that challenge for JSSA purposes by following the procedures in the Act. *See* 28 U.S.C. § 1867(a). His attorneys also filed two untimely motions for a new trial under Federal Rule of Criminal Procedure 33. And he advances no clear argument articulating why the district court erred in refusing to excuse his untimeliness. To be sure, defendant hints at his disagreement with the district court's finding that neither excusable neglect nor newly discovered evidence were sufficient to set aside the untimely nature of his motions (as well as the district court's denial of his requests for discovery). But he has forfeited these challenges by failing to include them in his

statement of issues. *See, e.g.*, *United States v. Calvetti*, 836 F.3d 654, 664 (6th Cir. 2016). Moreover, failing to "advance[] any sort of argument for the reversal of the district court[]," *Geboy v. Brigano*, 489 F.3d 752, 767 (6th Cir. 2007), or "cogent argument" that the district court got it wrong "constitutes abandonment." *Burley v. Gagacki*, 834 F.3d 606, 618 (6th Cir. 2016).

Finally, to the extent he claimed below (and here) that his attorneys provided him ineffective assistance of counsel by failing to appropriately discharge their duties regarding jury venire composition, he may raise those claims in a collateral proceeding. *See* 28 U.S.C. § 2255; *United States v. Levenderis*, 806 F.3d 390, 401–02 (6th Cir. 2015).

III.

For these reasons, we affirm the judgment of the district court.