NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0527n.06

Case No. 23-3057

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Dec 14, 2023
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| v. | ) | DISTRICT OF OHIO |
| | ) | |
| FERNANDES L. JOHNSON, | ) | |
| Defendant-Appellant. | ) | O P I N I O N |
| | ) | |

Before: McKEAGUE, STRANCH, and NALBANDIAN, Circuit Judges.

**McKEAGUE, Circuit Judge.** Fernandes Johnson sold roughly an ounce of cocaine to an undercover officer. Ordinarily, a defendant faces anywhere from one to three years in prison for a similar drug sale. But at the time of his sentencing, Johnson had three prior drug trafficking convictions. The district court, concluding that he was a career offender, sentenced him to over fifteen years. Johnson challenges his sentence. We **AFFIRM**.

## I. BACKGROUND

### A. Past Drug Activity

Johnson has three drug trafficking convictions dating from the mid-2000s and the 2010s.

Two came within the span of a year. In November 2005, Johnson violated Ohio Revised Code § 2925.03 by trafficking ten to twenty-five grams of cocaine. According to the indictment, he "did knowingly prepare for shipment, ship, transport, deliver, prepare for distribution or

distribute" those drugs "knowing or having reasonable cause to believe [they were] intended for sale or resale." United States' Sentencing Mem., R.27 at PageID 149. Johnson trafficked drugs again in April 2006. Johnson was sentenced to six years total for those convictions and one year for a different crime.

Once released in 2013, Johnson again engaged in drug trafficking. Instead of cocaine, he trafficked ten to fifty grams of heroin. Johnson was convicted under Ohio Revised Code § 2925.03(A)(2). The state court sentenced him to three years in prison and three years of post-release control.

## B.    Recent Drug Activity

Johnson committed the offense at issue here in 2020. Since his prior convictions, Johnson had pleaded guilty in state court to possessing heroin and criminal tools. While on bond, he arranged to sell nearly 28 grams of cocaine to an undercover officer for $2,200. He made the sale on July 9, 2020, in an elementary school parking lot. A few days later, law enforcement pulled over a minivan that Johnson was driving for ignoring a traffic light. Before reaching the car, agents observed Johnson switching seats with the passenger, placing Johnson closer to a loaded pistol agents found in the car's glove compartment. A search of the car and Johnson's person also recovered a scale, over $3,000 in cash, and two cell phones.

Johnson's federal case followed. On November 5, 2020, he was charged with distributing cocaine in violation of 21 U.S.C. § 841(a)(1) and § (b)(1)(C). Around five months later, Johnson pleaded guilty without a plea agreement. During that plea hearing, the United States indicated that it believed Johnson was a career offender.

## C. Sentencing

In its presentence report, the probation office agreed with the United States. It concluded that Johnson's Ohio drug trafficking convictions were controlled substance offenses, and that he met the other two prerequisites for the career-offender enhancement. Accordingly, Johnson's adjusted offense level was 32, and he fell into criminal history category VI. After accounting for acceptance of responsibility, the report calculated that Johnson's advisory guidelines range was 151 to 188 months.

Johnson objected. He contended that his prior convictions were not predicate offenses for the career-offender enhancement. If correct, his guidelines range would have decreased to 27 to 33 months. Johnson also argued that he deserved a downward departure or variance. As to the departure, he urged the district court to consider his mental health struggles, family circumstances, recent attempts at rehabilitation, and whether his case fell outside the guidelines' "heartland." As to the variance, Johnson reiterated those same considerations as applied to the 18 U.S.C. § 3553(a) factors.

None of Johnson's arguments prevailed. At sentencing, the district court concluded that he was "clear[ly]" a career offender for the reasons stated in the presentence report. Sentencing Tr., R.44 at PageID 217. And it proceeded to sentence Johnson to the top of the advisory guidelines range—the United States' requested sentence. In addition to 188 months in custody, the district court imposed five years of supervised release.

In the district court's view, the § 3553(a) factors supported its sentence. The court emphasized Johnson's pattern of drug trafficking, which continued despite him being on bond. It also noted that Johnson continued to cause trouble when incarcerated. According to an incident report, Johnson possessed a shank, a phone, and other contraband while in custody for this case.

Though Johnson presented some mitigating factors, including childhood physical and sexual abuse and mental health issues, the district court determined none warranted a lower sentence. The court preferred to address those considerations in setting Johnson's conditions for supervised release. Unhappy with the district court's sentence, Johnson appealed.

## II. ANALYSIS

Johnson presents two grounds for reversal. First, he argues that the district court wrongly determined that he was a career offender. Second, Johnson contends that the court's sentence was unreasonable. We consider those arguments in order.

### A. Career Offender

Section 4B1.1(a) of the Sentencing Guidelines governs whether a defendant qualifies as a career offender. It sets forth three requirements. *See* U.S.S.G. § 4B1.1(a). The first two concern the instant felony conviction: (1) did the defendant commit the offense when he was "at least eighteen years old," and (2) is the conviction "a crime of violence or controlled substance offense"? *Id.* Section 4B1.2(b), in turn, defines "controlled substance offense" to include any federal or state felony that "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." Section 4B1.1(a)'s third requirement focuses on the defendant's criminal history, asking whether the defendant has two or more prior felony crimes of violence or controlled substance offenses.

On appeal, Johnson targets only the last requirement. He argues that his three state drug trafficking convictions under Ohio Revised Code § 2925.03(A)(2)[1] are not controlled substance

---

[1] During sentencing, Johnson disputed whether two of his convictions fell specifically under § 2925.03(A)(2). But he abandons that argument on appeal. *See* Appellant's Br. 10 (noting that

offenses. Having reviewed that issue de novo, *see United States v. Havis*, 927 F.3d 382, 384 (6th Cir. 2019) (en banc) (per curiam), we disagree.

Our analysis begins and ends with *United States v. Smith*, 960 F.3d 883 (6th Cir. 2020). There, we assessed whether § 2925.03(A)(2) constitutes a controlled substance offense. *See id.* at 887–92. Using our familiar "categorical approach"—which compares the elements of the offense to § 4B1.2(b)—we held that it was. *Id.* at 887, 889. First, we observed that § 2925.03(A)(2) has three statutory elements. *Id.* at 889. Specifically, an offender must (1) "knowingly" (2) "[p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or a controlled substance analog," and (3) "know[] or ha[ve] reasonable cause to believe" that such substance "is intended for sale or resale by the offender or another person." Ohio Rev. Code § 2925.03(A)(2). Second, we concluded that those elements "fall[] safely within" § 4B1.2(b)'s "contours." *Smith*, 960 F.3d at 889. The district court's decision accords with *Smith*.

Johnson counters that we got it wrong in *Smith*. In his view, § 2925.03(A)(2) is broader than § 4B1.2(b) in four respects. For one, it criminalizes preparation without possession. For two, it entails a lower standard of intent—only "reasonable cause to believe." For three, the statute extends to controlled substance *analogs*, not just controlled or counterfeit substances. Finally, Johnson contends that the statute's use of the term "distribute" includes dealing, while the use of the same term in § 4B1.2(b) requires delivery. *Smith* addressed and rejected arguments like Johnson's first two. *Id.* at 889–92. His other two arguments are new.

§ 2925.03(A)(2) is the "offense of conviction"). We therefore assume his convictions did fall under that provision.

We are in no position to address any of Johnson's concerns.[2]  Our published opinion in *Smith*—which holds that a violation of Ohio Revised Code § 2925.03(A)(2) is a controlled substance offense—controls.  And it will continue to do so until this Court sitting en banc overrules that holding or the Supreme Court issues an inconsistent decision.  *See Salmi v. Sec'y of Health & Hum. Servs.*, 774 F.2d 685, 689 (6th Cir. 1985).  After all, one "panel of this Court cannot overrule the decision of another."  *Id.*  Maybe the full Court (if it grants en banc review) will see things Johnson's way.  Maybe not.  In the meantime, we affirm the district court's career-offender designation.

**B.      Reasonableness**

Johnson's last challenge concerns his sentence's reasonableness.  "Reasonableness" has two components:  (1) procedure and (2) substance.  *United States v. Gardner*, 32 F.4th 504, 529 (6th Cir. 2022).  Together, they ensure that the district court used an appropriate method in rendering its sentence and imposed a reasonable length.  *See id.*

It is not entirely clear whether Johnson challenges one specific component or both.  Indeed, his briefing does not differentiate between procedural and substantive reasonableness.  Nevertheless, we follow the United States' lead and address both grounds.

**1.      Procedural Reasonableness**

We begin with the district court's procedure.  Generally, we review alleged procedural errors for an abuse of discretion.  *United States v. Yancy*, 725 F.3d 596, 598 (6th Cir. 2013).  But Johnson asks us to review de novo.  The United States presents a third option.  It advocates for plain error review, arguing that Johnson failed to raise this defect below.  We need not decide,

---

[2] Johnson concedes as much in his reply brief.  Reply Br. 3 (recognizing that "the instant appeal is [only] the first step" to reversing *Smith*).

however, who is right about the standard of review. Regardless of which standard applies, Johnson's challenge fails.

Johnson faults the district court for failing to "meaningful[ly]" consider the sentencing factors provided in 18 U.S.C. § 3553(a). Appellant's Br. 16. If true, such an error would almost certainly warrant reversal; procedural reasonableness requires district courts to consider, among other things, the § 3553(a) factors. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

No such error occurred. During Johnson's sentencing hearing, the district emphasized its reliance on those factors in rendering its sentence. Initially, the district court acknowledged that it was "required to make certain findings" under 18 U.S.C. § 3553(a). Sentencing Tr., R.44 at PageID 231. Before imposing its sentence, the court also noted that it acted "[p]ursuant to" that same section. *Id.* at 235. What's more, the district court confirmed that it considered Johnson's arguments in his sentencing memorandum, which relied heavily on § 3553(a) in requesting a downward variance.

These were not empty statements. The sentencing hearing's transcript includes nearly four pages of analysis applying those factors. Specifically, the district court described "the nature and circumstances" of the drug sale and Johnson's "history and characteristics." *Id.* at PageID 231–32. In describing the latter, it made note of Johnson's age, history of abuse, and mental and substance-abuse struggles. Further, the court considered potential "[s]entencing disparities," *id.* at 233, and thoroughly outlined the need for the sentence imposed given Johnson's "serious past criminal history," *id.* at 234. The district court also considered the kinds of sentences available, *see* 18 U.S.C. § 3553(a)(3), when it addressed Johnson's mitigating factors through supervised release. These explanations—each of which tracks a factor in § 3553(a)—assure us that the district

court adequately considered the relevant statutory factors. *See United States v. Presley*, 547 F.3d 625, 630 (6th Cir. 2008).

Johnson accuses the district court of overlooking other "critical" considerations. Appellant's Br. 17–18. For example, he contends that the court did not consider whether "a one-ounce cocaine deal [is] the typical 21 U.S.C. [§] 841(a)(1) violation." *Id.* at 17. He also argues that it failed to address whether the career-offender designation "really fit in this case." *Id.* at 18. Neither accusation proves true. As explained above, the district court carefully outlined the nature and circumstances of the offense and Johnson's history. Both of Johnson's purportedly overlooked considerations fall squarely within those factors' boundaries. Indeed, the district court recognized that Johnson's distribution involved "27.83 grams of cocaine" and that Johnson possessed a "serious criminal record." Sentencing Tr., R.44 at PageID 231, 234.

For these reasons, we hold that the district court did not procedurally err.

### 2. Substantive Reasonableness

That leaves the substantive reasonableness of Johnson's sentence. He argues that over fifteen years' imprisonment was "excessive" and "greater than necessary to effect the goals of sentencing." Appellant's Br. 17. But we think the court did not abuse its discretion.

Our review in this context is "highly deferential." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). We reverse only where there is an abuse of discretion. *Id.* And because Johnson's sentence fell within the guidelines range, we presume it was reasonable. *Gardner*, 32 F.4th at 530. Johnson attempts to rebut that presumption by arguing that the district court gave too much weight to his criminal history and not enough to the underlying offense conduct. Similar arguments that the district court gave an offender's criminal history "an unreasonable amount of

weight" are sometimes grounds for reversal. *See United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). Johnson's efforts here, however, fall short.

The record is replete with reasons to provide significant weight to deterrence. This Court has previously instructed that "similarity between the defendant's prior convictions and the instant offense" may demonstrate a heightened need for deterrence. *See United States v. Lee*, 974 F.3d 670, 678 (6th Cir. 2020). As the district court recognized, this case presents precisely that situation. By sentencing, Johnson had three prior drug trafficking convictions for sales like the current offense. With those convictions came over nine years in prison. But Johnson continued selling drugs, even while on bond. And he created other trouble, even while incarcerated. The district court's 188-month sentence reasonably focused on preventing that conduct from continuing. The fact that Johnson trafficked relatively low quantities of drugs should weigh in his favor. Still, we are hard-pressed to conclude that the district court unreasonably balanced that mitigating factor with the need for deterrence. *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008) (explaining that rebalancing the § 3553(a) factors is beyond the scope of appellate review). As a result, the district court did not substantively err.

### III.    CONCLUSION

Because Johnson's prior convictions were predicate offenses and the district court did not otherwise err in imposing his sentence, we **AFFIRM**.