J-S03027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAVON CHRISTOPHER IRVING | |
| Appellant | No. 1128 EDA 2015 |

Appeal from the PCRA Order March 30, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0001110-2013

BEFORE:  FORD ELLIOTT, P.J.E., OTT, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                    **FILED MARCH 03, 2016**

Ravon Christopher Irving appeals from the order entered March 30, 2015, in the Chester County Court of Common Pleas, dismissing his first petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Irving seeks relief from a mandatory minimum sentence of seven to 14 years' imprisonment, imposed following his negotiated guilty plea to one count of possession with intent to deliver heroin.[1]  On appeal, Irving contends the PCRA court erred in dismissing his claim that he was subjected to an illegal sentence pursuant to **Alleyne v. United States**, 133 S.Ct. 2151 (U.S. 2013).  For the reasons set forth

_____

[1] 35 P.S. § 780-113(a)(30).

below, we reverse the order of the PCRA court and remand for further proceedings.

The procedural history underlying this appeal is as follows. On January 15, 2014, Irving entered a negotiated guilty plea to one count of possession with intent to deliver heroin. Pursuant to the plea agreement, the trial court sentenced Irving to a term of seven to 14 years' imprisonment based upon the mandatory minimum sentencing provision at 18 Pa.C.S. § 7508(a)(iii). **See id.** (mandatory seven years' incarceration for possession with intent to deliver more than 50 grams of heroin and prior drug conviction). No appeal was filed.

On August 29, 2014, Irving filed a counseled PCRA petition,[2] asserting plea counsel was ineffective for (1) instructing Irving to accept a plea agreement with a mandatory minimum sentence in light of the United States Supreme Court's decision in **Alleyne**, **supra**; and (2) failing to "fully discuss and pursue" a pretrial motion to suppress. Petition for Post-Conviction Relief, 8/29/2014, at ¶ 24. Thereafter, on January 27, 2015, the PCRA court sent Irving notice, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss the petition without first conducting an evidentiary hearing.[3] Irving did not file a

---

[2] Irving retained Evan J. Kelly, Esquire, to litigate his petition at the PCRA court level.

[3] The notice included an eight-page footnote explaining the basis for the court's determination that Irving's claims were meritless.

response to the court's Rule 907 notice, and, on March 30, 2015, the PCRA

court dismissed Irving's petition. This timely appeal followed.[4]

Although Irving purports to raise three issues on appeal, only one is

preserved for our review:[5] "Whether [the] PCRA court erred in denying

_____

[4] Irving filed a *pro se* notice of appeal on April 16, 2015, and, thereafter, complied with the PCRA court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). **See** Concise Statement of Issues Raised on Appeal, 5/7/2015.

On June 2, 2015, counsel filed a motion to withdraw, claiming he had been retained only for the PCRA court level of representation, and not for an appeal. **See** Motion to Withdraw as Counsel, 6/2/2015, at ¶ 5. The PCRA court granted counsel's motion on June 23, 2015. However, when the record was forwarded to this Court, Kelly still appeared to be counsel of record. Because counsel had not complied with this Court's directive to file a criminal docketing statement, we issued an order on June 24, 2015, directing Kelly to inform this Court, within 10 days, if he was still representing Irving. The PCRA court responded by forwarding a copy of its June 23, 2015, Order permitting Kelly to withdraw.

Thereafter, on July 17, 2015, this Court remanded the case to the PCRA court to conduct a **Grazier** hearing to determine if Irving wanted to proceed with an attorney or *pro se*. **See Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). The PCRA court complied with our directive and conducted a **Grazier** hearing on August 6, 2015. Because the court found Irving wanted to proceed with counsel, it appointed the Public Defenders' Office to represent him on appeal. The Public Defenders' Office did not seek to amend Irving's Rule 1925(b) statement, but rather, filed the appellate brief with this Court.

[5] Irving's remaining two claims, both asserting plea counsel's ineffectiveness, were included in Irving's PCRA petition, but not in his Rule 1925(b) concise statement. "It is well established that an appellant's failure to include claims in the court-ordered 1925(b) statement will result in a waiver of that issue on appeal." **Commonwealth v. Carpenter**, 955 A.2d 411, 415 (Pa. Super. 2008). Therefore, we need not consider these claims on appeal.
*(Footnote Continued Next Page)*

relief based on the claim … that [Irving] was subjected to an illegal sentence?" Irving's Brief at 5.

> Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

**Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014) (internal citations omitted).

Preliminarily, we note that an **Alleyne** claim presents "a non-waivable challenge to the legality of sentence … [and] may be raised on direct appeal, **or** in a timely filed PCRA petition." **Commonwealth v. Ruiz**, ___ A.3d ___, ___, 2015 PA Super 275, *5 (Pa. Super. December 30, 2015) (footnote

*(Footnote Continued)* ────────────────

We are compelled to note, however, that Irving's counseled brief reads, improperly, like a hybrid **Anders**/advocate brief because appellate counsel asserts that these two claims are meritless. **See Anders v. California**, 388 U.S. 924 (1967). Moreover, Irving's challenge to plea counsel's ineffectiveness for advising him to enter a guilty plea with a mandatory minimum sentence after the Supreme Court filed its decision in **Alleyne** appears to be meritorious based upon this Court's recent decision in **Commonwealth v. Melendez-Negron**, 123 A.3d 1087, 1091 (Pa. Super. 2015) (defendant who entered negotiated guilty plea, including Section 9712.1 mandatory minimum sentence, was entitled to relief based upon ineffectiveness of plea counsel for advising him to enter guilty plea; Supreme Court's decision in **Alleyne** put counsel on notice of the unconstitutionality of mandatory minimum sentencing statute at issue, and defendant's admission of triggering fact, by virtue of guilty plea, "does not remedy the **Alleyne** violation inherent to § 9712.1."). Nevertheless, because we conclude Irving is entitled to relief on his third claim, we need not remand for new counsel.

omitted) (holding **Alleyne** invalidated mandatory minimum sentence on PCRA review when petitioner's judgment of sentence was pending on direct review at the time **Alleyne** was decided).[6] Therefore, the issue is properly before us, regardless of the fact that Irving failed to include it in his PCRA petition.[7]

A brief synopsis of this Court's application of **Allenye** is instructive. The United States Supreme Court in **Alleyne** held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, 133 S.Ct. at 2155. In **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015), an *en banc* panel of this Court concluded that **Alleyne** rendered the mandatory minimum sentencing provision at 42 Pa.C.S. § 9712.1 unconstitutional because "it permits the trial court, as opposed to the jury, to increase a defendant's minimum

---

[6] In **Ruiz**, this Court distinguished **Commonwealth v. Riggle**, 119 A.3d 1058 (Pa. Super. 2015), which "declined to give **Alleyne** retroactive effect to cases on timely collateral review when the defendant's judgment of sentence was finalized before **Alleyne** was decided." **Ruiz**, **supra**, ___ A.3d at ___, 2015 PA Super 275, *3. The **Ruiz** Court found **Alleyne** invalidated the sentence at issue because the petitioner's judgment of sentence was **still pending on direct appeal** when **Allenye** was decided. **Id.** at ___, 2015 PA Super 275, *4. Here, Irving entered his guilty plea **after** the **Alleyne** decision was filed. Therefore, we find the instant case does **not** present a "retroactive" application of the law, as was prohibited in **Riggle**, **supra**.

[7] We note the Commonwealth did not address this particular claim in its brief.

sentence based upon a preponderance of the evidence" standard. *Newman*, *supra*, 99 A.3d at 98. The *Newman* Court went one step further, however, and found the unconstitutional provisions in Section 9712.1 were **not severable** from the statute as a whole. *See id.* at 101 ("We find Subsections (a) and (c) of Section 9712.1 are essentially and inseparably connected."). The Pennsylvania Supreme Court applied the same reasoning in *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015), when it determined that the mandatory minimum sentencing statute at 18 Pa.C.S. § 6317 was also unconstitutional under *Alleyne*. The *Hopkins* Court opined:

> In conclusion, we hold … that numerous provisions of Section 6317 are constitutionally infirm under *Alleyne*. Moreover, the remaining provisions of Section 6317, standing alone, are incomplete and are incapable of being vindicated in accord with the intent of the General Assembly. 1 Pa.C.S. § 1925. Because of the significant provisions found to violate the Constitution, which clearly express the intent of the legislature that Section 6317 is a mandatory minimum sentencing statute, and not a substantive offense, we find the remaining unoffending provisions of Section 6317 are incapable of being severed, and we will not judicially usurp the legislative function and rewrite Section 6317 or create a substantive offense which the General Assembly clearly did not desire. Rather, we leave it to our sister branch for an appropriate statutory response to the United States Supreme Court's decision in *Alleyne*.

*Id.* at 262.

The mandatory sentencing statute applied in the present case, 18 Pa.C.S. § 7508, contains the same provision as in Sections 6317 and 9712.1. This provision permits the trial court to make factual

determinations at sentencing under a relaxed preponderance of the evidence standard, which has been found to be unconstitutional under **Alleyne**. Accordingly, when faced with an **Alleyne** challenge on **direct appeal** to the imposition of a Section 7508 mandatory minimum sentence, this Court has consistently vacated the sentence and remanded for resentencing.[8]  Further, as noted *supra*, **Alleyne** also invalidates a Section 7508 sentence on timely collateral review, if **Alleyne** was decided before the judgment of sentence was final.  **Ruiz**, **supra**.

Nevertheless, the PCRA court found that the case before us presents a different factual scenario because Irving entered a guilty plea, and, consequently, admitted the facts necessary to impose the Section 7508 mandatory minimum.  The court opined:

> [Irving] understood the charges against him, knew the consequences of possessing that amount of heroin and voluntarily entered a plea of guilty to the charge, admitting that he possessed 50+ grams but less than 100 grams of heroin.  No independent judicial factfinding was necessary and the Court sentenced [Irving] in accordance with his admitted conduct.

Order, 1/27/2015, at 6.  In doing so, the court relied upon a federal district court decision, **United States v. Crossan**, 2014 WL 695057 (E.D. Pa. 2014).

---

[8] **See Commonwealth v. Caple**, 121 A.3d 511 (Pa. Super. 2015); **Commonwealth v. Mosley**, 114 A.3d 1072 (Pa. Super. 2015); **Commonwealth v. Vargas**, 108 A.3d 858 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015); **Commonwealth v. Cardwell**, 105 A.3d 748 (Pa. Super. 2014), *appeal denied*, 121 A.3d 494 (Pa. 2015).

In **Crossan**, the district court considered whether **Alleyne** invalidated the defendant's sentence under 18 U.S.C. § 924(c)(1)(A), which imposes a mandatory minimum sentence when a defendant uses or carries a firearm during a crime of violence. **Id.** at *2. Relying on several decisions by the United States Courts of Appeals, the **Crossan** court held the dictates of **Allenye** were not violated because the defendant was "charged [] with brandishing, he was advised of the elements of brandishing during his Change of Plea Hearing, and he admitted to facts that established the elements of brandishing during that Hearing." **Id. See United States v. Yancy**, 725 F.3d 596 (6ᵗʰ Cir. 2013); **United States v. Harris**, 2013 WL 5755249 (7ᵗʰ Cir. 2013); **United Sates v. Oliver,** 2013 WL 6037182 (11ᵗʰ Cir. 2013).

In the present case, Irving recognizes that **Crossan** "seems to offer a bright line rule in terms of cases where guilty pleas were entered[.]" Irving's Brief at 20. However, he asserts the **Crossan** ruling is not applicable here because the mandatory minimum statute at issue was held to be "unseverable and unconstitutional" by this Court in **Cardwell**, **supra**. **Id.**

In **Cardwell**, the defendant did not plead guilty, but rather, during his bench trial, entered into a stipulation with the Commonwealth regarding the weight of the drugs recovered. **Id.** at 754. The trial court concluded, therefore, the dictates of **Allenye** were not violated because "the

Commonwealth did prove this element[, *i.e.*, the weight of the drugs,] to the trial court beyond a reasonable doubt[.]" *Id.*

On appeal, a panel of this Court disagreed. Relying upon *Newman*, *supra*, and *Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super. 2014), *appeal denied*, 124 A.3d 309 (Pa. 2015), the *Cardwell* Court found that any attempt "to impose a mandatory minimum sentence outside the statutory framework, but consistent with *Alleyne*[,]" must fail. *Cardwell*, *supra*, 105 A.3d at 754. Indeed, the Court explained that in *Valentine*, the trial court attempted to cure the *Alleyne* problem by allowing the Commonwealth to submit to the jury specific questions, which determined the applicability of the mandatory minimum statute. *Id.* at 753. Nevertheless, on appeal, this Court found the trial court had erred because it "effectively determined that the unconstitutional provisions of the [mandatory minimum statute] were severable." *Id.* at 754, *quoting Valentine*, *supra*, 101 A.3d at 811.

The *Cardwell* panel followed the holding in *Valentine*, opining:

[W]e see no meaningful difference, for the purposes of *Newman* and *Valentine*, between submitting the element to the jury and accepting a stipulation from a defendant. They both have the purpose of finding a method to impose a mandatory minimum sentence outside the statutory framework, but consistent with *Alleyne*. However, both *Newman* and *Valentine* unequivocally state that creating a new procedure in an effort to impose a mandatory minimum sentence is solely within the province of the legislature. *See Newman*, *supra*; *Valentine*, *supra*. While submission to a jury is a more formal and involved procedure, we decline to fracture *Newman* and *Valentine* further by

concluding that when read together, they only prohibit formal mandatory minimum procedures, but permit informal ones.

*Id.* at 754-755.  **See also Commonwealth v. Fennell**, 105 A.2d 13 (Pa. Super. 2014) (accord), *appeal denied*, 121 A.3d 494 (Pa. 2015).

Recently, the **Ruiz** Court applied this same reasoning with respect to a negotiated guilty plea.  **See Ruiz**, **supra**, ___ A.3d at ___, 2015 PA Super 275, *5 (holding "this Court has consistently rejected any attempt by the Commonwealth to employ a harmless error analysis to overcome the mandate of **Alleyne**.").  This Court has held Section 7508 is unconstitutional under **Alleyne**, and its subsections are not severable.  Therefore, we agree with Irving's contention that the trial court imposed an illegal sentence, and the PCRA court erred in failing to grant Irving relief.

Accordingly, because we find Irving is entitled to be resentenced without consideration of the mandatory minimum sentencing provision found at 18 Pa.C.S. § 7508, we reverse the PCRA court's order dismissing Irving's petition, vacate the judgment of sentence, and remand for resentencing.[9]

Order reversed.  Judgment of sentence vacated.  Case remanded for proceeding consistent with this Memorandum.  Jurisdiction relinquished.

---

[9] We note neither Irving, nor the Commonwealth, has requested we vacate Irving's plea to return the parties "to the *status quo* prior to the entry of the guilty plea."  **Melendez-Negron**, **supra**, 123 A.3d at 1091 (citation omitted) (granting Commonwealth's request to vacate guilty plea; finding "shared misapprehension that the mandatory minimum sentence … applied to Melendez-Negron tainted the parties' negotiations at the outset.').  Therefore, we decline to do so *sua sponte*.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/3/2016